CHARLES O'BRIEN ET AL. v. A. E. AMERMAN ET AL.

No. 3707.    Decided December 20, 1922.

(247 S. W., 270.)

1.—Constitutional Law—Class Legislation.

Classification of pilots according to the population of the port and the municipal ownership there of terminal facilities, such as docks, wharves and warehouses, is a reasonable basis for regulations pertaining to their services, not applicable to pilots in general on inland waters; and such regulation is not invalid as being a violation of article 1, section 3, of the Constitution, because not affecting all pilots alike. Texas Co. v. Stephenson, 100 Texas, 641, followed.    (pp. 257, 258).

2.—Same—Local or Special Law.

A law regulating pilots at and granting powers with reference thereto to officers of any city of more than 100,000 population, situated upon a navigable stream, and owning or operating municipal docks, wharves, or warehouses, was not a local or special law, forbidden by article 3, section 35, of the Constitution where a general law could be made applicable. A city of such class might demand regulations not applicable to pilots generally; and the law, being applicable to all cities of such class, was not rendered local or special by the fact that but one city in the State (Houston) came within the class described at the time of its enactment. Clark v. Finley, 93 Texas, 177, followed.    (pp. 257, 258).

3.—Constitutional Law—Delegation of Legislative Power.

Though the Legislature cannot delegate to another body the power to make laws, and the creation of a public office is an exercise of the law-making power, a statute which creates such offices and enumerates the rights, powers, and duties conferred upon them, does not delegate legislative power either by conferring the power of appointment to such office on the governing body of a municipality, or by giving to it the right to exercise its option as to proceeding under such law and exercising the authority thereby given. City of San Antonio v. Jones, 28 Texas, 33; Spears v. City of San Antonio, 110 Texas, 618; followed.    (pp. 258, 259).

4.—Same.

The Legislature, having enacted a complete law, could authorize administrative authorities to provide rules and regulations for its effective execution and enforcement.    (p. 259).

**5.—Same—Territorial Limits.**

The powers conferred on the Pilot Board of the city being for the promotion of the general welfare of the people of the State, and exercised by them as agents of the State, they could exercise jurisdiction beyond as well as within the limits of the city.  Bexar County v. Linden, 110 Texas, 339; City of Galveston v. Posnainsky, 62 Texas, 127, followed.  (p. 260).

**6.—Pilot Boards in Cities—Constitutionality—Case Stated.**

The Act of October 2, 1920, Laws, 36th Leg. 4th Called Session, ch. 3, p. 3 (Vernon's Statutes, Supp. of 1922, arts. 6319-1, 2, 3), providing for the establishment of pilot boards in and by the authority of certain cities (only the City of Houston being of the character described) and prescribing the jurisdiction of such boards over the pilotage of boats, was not invalid or unconstitutional either:  (1) because not affecting alike all pilots of the same class in the State (Const., art. 1, sec. 3); or (2) because being a local or special law when a general law could be made applicable (Const., art. 3, sec. 56); or (3) because delegating to a city the legislative power to create offices and make regulations on the subject of piloting; or (4) because conferring on the city jurisdiction over pilotage beyond its territorial waters.  Demurrer was properly sustained to a petition seeking to enjoin action by the board so created on the ground of the invalidity of such Act.  (pp. 257-260).

Error to the Court of Civil Appeals for the First District, in an appeal from Harris County.

O'Brien and others, pilots, sued Amerman, Mayor, and others to restrain by injunction the operations of the Pilot Board for the City of Houston created under the Act of Oct. 2, 1920.  Judgment for the defendants on demurrer was affirmed by the Court of Civil Appeals on appeal by plaintiffs (221 S. W., 632) and they obtained writ of error.

*J. M. Gibson* and *Sewall Meyer*, for plaintiffs in error.

Equity will not require a party in possession of property or of an office enjoying the profits thereof when threatened with an ouster by an intruder or by one without constitutional authority to await until he is ejected and deprived of his property or office and relegate him to an uncertain suit for damages, but will interfere and by an injunction preserve the status quo.  City of Austin v. Cemetery, 87 Texas, 330; Troillo v. Gettinger, 230 S. W., 233; Ware v. Welsh, 149 S. W., 263; Stamps v. Tittle, 167 S. W., 776; Sumner v. Crawford, 91 Texas, 129; Olsen v. Smith, 68 S. W., 320; Patterson v. Board, 57 S. W., 1002.  That the Act was local or special cannot be denied.  Altgelt v. Gutzeit, 109 Texas, 123; Bell County v. Hall, 105 Texas, 558; Clark v. Finley, 93 Texas, 175; City of Dallas v. Western Electric Co., 83 Texas, 243; Ward v. Harris County, 209 S. W., 792; Powell v. Charco Ind. School Dist., 203 S. W., 1178; Tolle v. City of New Braunfels, 154 S. W., 345.

We contend that the following authorities sustain our position and that the holding of the court is in conflict with these authorities:

No power to create officer: State v. Butler, L. R. A. (N. S.), Vol. 24, 744; Moulton v. Parks, 64 Cal., 166; Chancey v. State, 84 Texas, 536. People v. Johnson, 31 Pac., 611. Delegation of Authority: Wyeth v. Thomas, 200 Mass., 474, 23 L. R. A. (N. S.), 147. United States v. Blassingsame, 116 Fed., 655; United States v. Maid, 116 Fed., 655; Chancey v. State, 84 Texas, 536; Board of Harbor Coms. v. Excelsior Redwood Co., 26 Pac., 375. O'Neal v. Artizans Ins., 26 L. R. A. (N. S.), 715; O'Neal v. Artizans Ins., 30 Atl., 945; Passing laws to be effective outside of city limits: Moline v. Williams, 103 S. W., 789. Conan v. Baker, 179 S. W., 937. Middleton v. Texas Power & Light Co., 178 S. W. R., 956; Ex Parte Cox, 63 Col., 21.

*George D. Sears,* for defendants in error.

The effect of the decisions is to say that where a law general in its terms, because of some external fact, such as population, applies to but one or a few districts, it is nevertheless a general law and valid as such. Clark v. Finley, 93 Texas, 179. The case of Hall v. Bell County, 138 S. W., 178, cited by complainants' counsel is clearly distinguishable.

It is true that a law which operates differently and hurtfully as against one member of a class and not against all is repugnant, and this seems to be what complainants' counsel has in mind in calling the law in question "class legislation." But it is equally true that the Legislature may divide a given trade or profession into various justifiable classes, and pass laws that operate differently on the members of these different classes, and such classification is not repugnant to the Constitution. Texas Co. v. Stephens, 100 Texas, 641.

The holding of the Court of Civil Appeals is so universally accepted as the rule in this state that it seems idle to discuss it, or to re-inforce the opinion of the Court of Civil Appeals with additional authority. It has never been doubted that the legislature might pass a law, and empower a board or commission to appoint and make rules and regulations thereunder effectuating the general purpose of the law. In deed, it has come to the point where more than half of the business of government, wisely or otherwise, is so administered.

Under the old law, it may be remarked, the pilot commissioners had no territorial jurisdiction at all; they were merely private citizens. All of them lived in this county. By what legerdemain of reasoning could the old statute be held void which permitted them to prescribe regulations of pilots and adjudge and remove them, for acts committed in waters under the jurisdiction of the Federal Government.

So that whether the grant be considered to the municipality as such, or to the City Councillors as agents of the State, under either theory they were competent agents for the exercise of the power conferred.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

The writ of error was granted to review a judgment of the Galveston Court of Civil Appeals, affirming a judgment of the District Court of Harris County, which sustained a general demurrer to plaintiffs in error's petition. By that petition, plaintiffs in error, who were acting as pilots under Chapter 1, Title 107 of the Revised Statutes of Texas, sought to enjoin defendants in error, the Mayor, Commissioners, and Harbor Board of the City of Houston, from enforcing the provisions of Chapter 3 of the Act of the 4th Called Session of the 36th Legislature, being articles 6319-1 to 6319-5 of Vernon's Texas Statutes, 1922 Supplement, and from thereby interfering with the performance of plaintiffs in error's duties.

The attack of plaintiffs in error on the validity of articles 6319-1 to 6319-5 of Vernon's Texas Statutes, 1922 Supplement, presents the principal questions for our determination.

The articles are assailed on the following grounds: first, that they violate Article 1, Section 3, of the Constitution, in that they do not affect alike all belonging to the class of pilots on the State's inland waters; second, that the articles violate Article 3, Section 56 of the Constitution, in being a local or special law when a general law can be made applicable; third, that the articles are void because by them the Legislature undertakes, in violation of the State Constitution and of the federal statutes, to delegate the nondelegable power of legislation with respect to pilotage to a municipality or to its officers; and, fourth, that the articles are void because they attempt to confer on the city power and jurisdiction over pilotage beyond its territorial limits.

It is urged in support of the first two grounds of attack that the law was enacted for application by the City of Houston alone, between that port and the Gulf, when the conditions of pilotage were in nowise different there and elsewhere on the State's inland waters.

The articles are not confined, by their terms, to any particular city or waterways. The law is instead general. True it is that the rights and powers granted by the articles are to be exercised only by officers of cities meeting these tests: first, having a population of one hundred thousand or more; second, being situated along or upon a navigable stream in the State; and third, owning or operating municipal docks, wharves or warehouses. Though no other city except Houston meets these requirements at this time, the law is applicable to any other city which may hereafter meet them. There is no foundation whatever for holding that the law was put in a general form merely to evade the Constitution. There are such substantial grounds for the classification made that the articles would stand the tests of the strictest rule applied in such an enquiry. The Legislature might reasonably conclude that the officials of a port

112 Tex.—17

city of one hundred thousand population or over, maintaining its own docks, wharves or warehouses, would have so special an interest in safeguarding and maintaining the port's commercial interests, that the State could best entrust to them such matters as to appoint, suspend, and remove pilots on the waterway connecting the city and the Gulf, and to make reasonable regulations pertaining to the pilots' services. It seems obvious that the number of pilots and the need of careful and strict supervision of pilotage would increase with the size of the port and the extension of its terminal water-transportation facilities. Classification of pilots according to port population and municipal terminal facilities, having a reasonable basis and operating uniformly on those coming within the same class, violates no provision of the Constitution. The Texas Company v. Stephens, 100 Texas, 641, 103 S. W., 481.

A proposition which is decisive of the questions under consideration was stated in a few words by the Supreme Court of Illinois when it reaffirmed and declared that "laws are general and uniform, and hence not obnoxious to the objection that they are local or spcial, when they are general and uniform in their operation upon all in like situation." People ex rel. Meyer v. Hazelwood, 116 Ill., 329; 6 N. E., 486.

The principles so clearly enunciated in Chief Justice Gaines' opinion in Clark, Sheriff v. Finley, Comptroller, 93 Texas, 177, 54 S. W., 343, also completely refute the claim that the law is special or local, or that it is obnoxious class legislation, either because there is now only one city meeting the law's requirements, or because of differences made between pilots or pilotage in and out of a port of over one hundred thousand population, owning or operating municipal docks, wharves or warehouses, and on the State's other inland waterways.

Under the third and fourth grounds of attack, it is contended that the articles are void because they empower the City or the City Council to create new State offices and to fix the qualifications and to control the tenures of those filling them, and to establish rates of pilotage and regulations of navigation beyond the city limits. Reference is made to the federal statute leaving pilots in ports of the United States to be regulated by the laws of the several states, it being argued that in delegating to a municipality this power of regulation, the articles conflict with both the federal statute and the State Constitution.

Our decisions recognize that there can be no delegation of the power to make laws which the people entrusted to the Legislature in framing the Constitution. The power to make laws is necessarily involved in the creation of state offices. But, the law assailed, on the date it became effective as an Act of the Legislature, created the

offices therein specified. Such offices were the creation of the Legis-
lature alone. The enumerated rights, power and authority conferred
were likewise derived from the exercise by the Legislature itself of
the legislative prerogative. The option given · by the act to the
governing board of the municipality was not to make law but to do
something under a law previously made. Though the application
and execution of the act depended on the voluntary assumption of
granted authority, still the binding force of the act as law was not
so dependent. The principal objections to this law as a delegation
of legislative power are answered by. the following declaration in
San Antonio v. Jones, 28 Texas, 33, viz:

"The Legislature may grant authority as well as give commands,
and acts done under its authority are as valid as if done in òbedience
to its commands. Nor is a statute, whose complete execution and
application to the subject-matter is, by its provisions, made to depend
on the assent of some other body, a delegation of legislative power.
The discretion goes to the exercise of the power conferred by the
law, but not to make the law itself. The law, in such cases, may de-
pend for its practical efficiency on the act of some other body or in-
dividual; still, it is not derived from such 'act, but from the legisla-
tive authority.''

The application and execution of the law under discussion is made
to depend on the exercise of discretion in the enactment of ordinances
by the city's governing body. If the City Council of Houston had
never elected to enact ordinances or to act under the law, it would
have remained no less a law and no less a potential source of authority
whenever any other city came within the law's requirements.

The case of Spears v. San Antonio, 110 Texas, 618, 223 S. W., 116,
presented the question as to the validity of an Act of the Legislature
providing that its terms should apply to a city only after its govern-
ing body had submitted the question of adoption of the Act to a vote
of resident property tax-paying qualified voters, and a majority had
voted to adopt same. It was vigorously argued that the Act dele-
gated to the governing body of the city and to the voters the Legis-
lature's non-delegable law-making power. It was determined that
the Act, properly interpreted, merely granted specified authority,
which the city's governing body and tax-paying electors might in
their discretion accept or reject, but that this did not impair the
validity of the Act.

We agree with the holding of the Court of Civil Appeals that the
Legislature, having enacted a complete law, could authorize ad-
ministrative authorities to provide rules and regulations for its
effective · execution and enforcement. Hence, no valid objection to
the law is to be found in the authority conferred on the governing
board of the city to establish and enforce rates and regulations for

pilotage.   Wayman v. Southard, 10 Wheat., 43; United States v. Ormsbee, 74 Fed., 207; Staples v. Llano Co., 28 S. W., 571; 12 C. J., 847.

We think that the powers conferred are granted for purposes essentially public and to promote the general welfare of all the people of the State, and that those in whom the powers vest exercise them as agents of the State.   Standing in the place of the sovereign State, the agents can, of course, exercise jurisdiction beyond as well as within the limits of the city.   Bexar County v. Linden, 110 Texas, 339, 220 S. W., 761; City of Galveston v. Posnainsky, 62 Texas, 127, 50 Am. Rep., 517.

We do not pass on the validity of the grant of power to enact criminal ordinances for the enforcement of the law by punishing offenses committed beyond the boundaries of the city.   The disposition of this case depends on no such question, for the grant of such power is obviously severable from the balance of the Act.   Nor do we determine whether plaintiffs in error's petition shows any right to injunctive relief, though inclined to the view that it does not, as held by the Court of Civil Appeals.   See opinion of Chief Justice Cureton in Williams v. Castleman, delivered December 13, 1922, 112 Texas, 193, 247 S. W., 163.

As defendants in error were expressly authorized by a valid law to do all those things which plaintiffs in error sought to prevent by this suit, it follows that the court below correctly sustained the demurrer to plaintiffs in error's petition, and that the judgment of the Court of Civil Appeals was right.

It is ordered that the judgments of the District Court and of the Court of Civil Appeals be affirmed.

*Affirmed.*