### BOB SUMRALL V. THE STATE.

No. 10037. Delivered June 2, 1926.

1.—False Imprisonment—Jurisdiction of Offense—In County Court.

Where appellant, who was a state ranger, was indicted for false imprisonment, under Art. 1169 P. C. 1925, the county court had jurisdiction of the offense, appellant not being charged under the statute denouncing official misconduct, and the District Court did not err in transferring this cause to the county court for trial, nor did the County Court err in overruling the plea to the jurisdiction. See Craig v. State, 31 Tex. Crim. Rep. 29.

2.—Same—Evidence—Parties Acting Together—Properly Admitted.

Where the evidence clearly showed that appellant, a Texas ranger, and one Barnett, acted together in the arrest and imprisonment of prosecuting witness, the acts and conduct of said Barnett occurring in connection with said arrest, were properly admitted by the court. See Sapp v. State, 223 S. W. 459.

3.—Same—Evidence—Harmless, if Error.

Where the court admitted a conversation which occurred the following morning after the alleged false imprisonment between the witness Lammie and Barnett, in the presence of appellant, we are of the opinion that the admission of this testimony, even if improper, was not of such a nature that would warrant us in reversing this case by reason thereof.

4.—Same—Requested Charge—Properly Refused.

No issue not raised by the evidence should be given in charge to the jury and there being no evidence of an assault in this case, the court

properly refused appellant's special charge defining the terms "willful" and "assault."

**5.—Same—Requested Charge—Covered by Main Charge—Properly Refused.**

Where, on a trial for false imprisonment, numerous special charges were presented by appellant, presenting his legal right as a Texas ranger to make arrests, anywhere in this state, the main charge of the court having clearly and correctly submitted this issue to the jury, appellant's requested charges were properly refused.

**6.—Same—Verdict of Jury—Held, Invalid.**

Where the jury on a trial for false imprisonment under Art. 1044 P. C., which provides that "any person guilty of false imprisonment shall be fined not exceeding five hundred dollars, and may be confined in jail, not exceeding one year,"·convicts and assesses the punishment at imprisonment for four days, without assessing a fine, such verdict is void, and does not support the judgment, and for this reason the cause is reversed and remanded. See Fowler v. State, 9 Tex. Crim. App. 149, and other cases cited.

Appeal from the County Court of Tom Green County. Tried below before the Hon. J. T. Mathison, Judge.

Appeal from a conviction of false imprisonment, penalty five days in the county jail.

The opinion states the case.

*Edwin F. Vanderbilt, Hill; Neill & Hill,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the County Court of Tom Green County for the false imprisonment of Roy French, and his punishment assessed at five days ʿconfinement in the county jail.

The record in this case is very voluminous, the transcript containing 132 pages, and for the sake of brevity we will discuss only such questions specifically as we deem necessary in order to do justice to the contentious of both the state and appellant alike and for a fair understanding of our views, as expressed in the opinion herein.

The record discloses that during a fair in the city of San Angelo the prosecuting witness, his employer, Lammey, Fairbanks, McLaughlin, and a negro porter by the name of McLemore, all employed in the same store, went to the fair grounds in Lammey's car, and when the remainder of the party got ready to leave, about 9:00 or 10:00 o'clock at night,

they failed to find the negro porter. Upon inquiry, they were informed that the appellant and a deputy sheriff from another county by the name of Barnett had arrested said negro and a young white man named Williams, who was cashier in one of the local banks. The prosecuting witness and his companions then went to the county jail for the purpose of bailing out the negro and Williams, and upon making their business known they were searched by the appellant and Barnett, without a search warrant, and the car belonging to Lammey was also searched. After the search, the prosecuting witness and his companions were all locked up in jail, except Lammey, who ran off. It was the contention of the state that neither the prosecuting witness nor any of his companions were intoxicated and that said imprisonment was without authority of law. It was the contention of the appellant that the prosecuting witness and all of said parties were drunk and that he had authority under the law, by reason thereof, to arrest and imprison them.

We are met at the threshold of this case by the contention of the appellant that the county court was without jurisdiction and that the district court of said county had exclusive jurisdiction to try the appellant for this offense, because the undisputed evidence disclosed that the appellant was a state ranger at the time of the alleged offense, and being charged with false imprisonment, the case fell squarely within the constitution and the statutes of this state which declare that misdemeanors involving official misconduct come under the original jurisdiction of the district court. The record discloses that the appellant was indicted in the district court of said county and that said indictment was transferred to the county court, whereupon the appellant, in a proper manner, sought to have said case re-transferred to said district court. Upon the court's refusal to do so, the appellant brings this matter before us in an exhaustive brief and, not without some plausibility, contends that the county court was in error in not transferring said case back to the district court. An inspection of the record shows that the indictment nowhere charges the appellant with official misconduct, or with being an officer of any kind. On the contrary, the indictment follows the usual form under the statutes covering such offenses. Art. 1169 of the 1925 Penal Code (Art. 1039 of the old code) states:

"False imprisonment is the wilful detention of another against his consent and where it is not expressly authorized

by law, whether such detention be effected by an assault, by actual violence to the person, by threats or by any other means which restrains the party so detained from removing from one place to another as he may see proper."

It will be observed from said article, supra, that this law applies not only to officials, but to any person who may commit the offense therein stated, and we are clearly of the opinion that an indictment based upon said article, and in no way mentioning the official capacity of the appellant, would vest jurisdiction in the county court, especially in view of the state's right to carve under this statute. While we have been unable to find any decisions in this state directly in point, we think the case of Craig v. State, 31 Tex. Crim. Rep. 29, wherein the appellant was tried and convicted in the county court under an indictment transferred from the district court charging drunkenness in office, opinion delivered by Judge Davidson, settles this question against the contention of the appellant. In the Craig case, supra, it is stated:

"In counties where the county court exercises criminal jurisdiction, in order to confer jurisdiction upon the district court to try misdemeanors, the cause must be one in which official misconduct is involved, and out of which the prosecution grows; otherwise jurisdiction does not attach in the district court. In such cases it becomes the duty of the district court to transfer the indictment to the county court, as was done in this case. The district court did not err in transferring this cause to the county court for trial, nor did the county court err in overruling the plea to the jurisdiction."

The appellant, in several instances, lodges complaint against the action of the court in permitting the state to show what was done and said by Barnett during the time of the arrest and detention of the parties in question, and especially to evidence of Barnett drawing his pistol and asking the appellant if he should shoot Lammey as the latter was running away at the time of the search of the other parties by the officers, and the conversation pertaining thereto, in which it is contended, in effect, that the appellant would not be bound by the acts, conduct and statements of said Barnett. We are unable to agree with this contention, or to hold that the court committed any error in his rulings pertaining to said matters complained of. The uncontradicted testimony, as shown by the record and by the evidence of the appellant himself, was to the effect that he and Barnett went to the fair grounds together and

that he called on Barnett to assist him in arresting the negro and Williams, and that they were acting together throughout the entire proceedings. Under the well announced doctrine of this court, under such circumstances we think that the acts of Barnett would be binding on the appellant. Sapp v. State, 223 S. W. 459.

In bills of exception Nos. 11 and 12 complaint is made to the refusal of the court to permit the appellant to show by the witnesses, Sutton, Townsend and others, that the reputation of the appellant for truth and veracity was good. These bills, as presented, show no error.

Complaint is also urged to the action of the court in permitting the state to show by the witness, Lammey, a conversation had the following morning with the appellant and Barnett in which the said witness informed them that he was the man who ran away the night before at the jail, and as to what Barnett said, in which he was contending that said witness was not the same party, and as to the remarks made in reference thereto, describing the party who ran off. It is contended that this testimony was inadmissible because if a conspiracy had been shown, the same was ended, and a statement on the part of Barnett would not be binding on the appellant. In view of the light punishment inflicted by the jury, and in view of the further fact that the appellant was present and participating in the conversation, we are of the opinion that the admission of this testimony, even if improper, was harmless error and not of such a nature as would warrant us in reversing this case by reason thereof.

The appellant complains of the refusal of the court to give a peremptory instruction of not guilty. We think there is no error shown in the ruling of the court in this particular.

It is further contended that the court was in error in refusing to give appellant's special charge, as shown by bill of exception No. 4, definding the terms "wilful" and "assault." This bill, as presented, shows no error. As we view the record, there is no question raised involving an assault by the appellant on the prosecuting witness, French, and the evidence shows that when he, together with the others, went to the jail they were ordered upstairs and placed in a cell, and these facts were relied upon by the state for a conviction. In misdemeanor cases the law is that the county judge does not have to give a written charge to the jury unless requested to do so by appellant, and in the absence of a proper charge, prepared and

presented by appellant, this court will not hold that there is any error committed in such matter. No error being shown in the refusal of this special charge, the refusal of the court to give a charge on assault and the term "wilful," embraced in the same charge, is not error.

Appellant urges many objections to the court's charge and to the refusal of the court to give special charges to the effect that the appellant, as a ranger, had the right to arrest any person violating the law anywhere in Texas, and that if appellant believed French to have been drunk, and had reasonable grounds for that belief, he should be acquitted. Other objections of a similar nature are encountered, but in view of the fact that the appellant based his right to make the arrest upon the ground that the prosecuting witness and his companions were drunk, and no issue being raised by him as to his belief or being mistaken about the matter, we are of the opinion that there is no error shown by such objections, and especially in view of the court's general charge on appellant's affirmative defense, as follows:

"You are further charged that in the event you find that at the time the said Roy French was arrested, if he was arrested, that the said Roy French was intoxicated, that such condition on the part of the said Roy French would justify the defendant in arresting him, and if you so find and believe from the evidence or have a reasonable doubt thereof, you will acquit the defendant and say by your verdict 'not guilty.' "

The appellant strenuously contends that this court should reverse this case on account of the verdict rendered herein by the jury. The verdict is as follows: "We, the jury in the above entitled and numbered cause find the defendant guilty and assess his punishment at confinement in the county jail for five days." Art. 1044 of the Penal Code states: "Any person guilty of false imprisonment shall be fined not exceeding five hundred dollars, and may be confined in jail not exceeding one year." The contention made by the appellant is that the jury was unauthorized to assess the imprisonment against the appellant without a pecuniary fine in some amount, and that this failure to assess such fine renders said verdict invalid, which of necessity would call for a reversal of this case.

We are of the opinion that this contention is well taken and that said statute being mandatory, the jury would have no right to find the defendant guilty and assess his punishment at confinement in jail without also assessing a pecuniary fine.

Art. 1044, Penal Code (old code) ; Fowler v. State, 9 Tex. Crim. App. 149; Sager v. State, 11 Tex. Crim. App. 110; Johnson v. State, 18 Tex. Crim. App. 7; Rutherford v. State, 79 Tex. Crim. Rep. 605; 187 S. W. 481; Dillard v. State, 77 Tex. Crim. Rep. 1, 177 S. W. 99. We are of the opinion that the trial court was in error in receiving the verdict in this form, as it was not responsive to his charge. If this case had been tried after the new code (Art. 1174) became effective, the verdict would have been proper in form.

We would also suggest, in the event that the evidence upon another trial is the same as in the instant case, that a proper charge defining the term "wilful," if presented, should be given.

For the error above discussed, we are of the opinion that the judgment of the trial court should be reversed and the cause remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.