HERMAN TREADGILL V. STATE

No. 27,061.  October 6, 1954
State's Motion for Rehearing Granted in Part and in Part Overruled
January 12, 1955

*Presley E. Werlein, Jr.,* Houston, for appellant.

*Will Sears,* City Attorney, *Robert L. Burns,* Senior Assistant City Attorney, *Charles A. Easterling,* Assistant City Attorney, *Dan Walton,* District Attorney, all of Houston, and *Wesley Dice,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Ordinance No. 8941 enacted by the city council of the city of Houston, a Home Rule City, defines "fireworks" and declares their presence within the jurisdiction of the city a nuisance. Among other prohibitions, the ordinance makes it unlawful to sell fireworks of any description under penalty of a $200 fine.

Section 6(a) of said ordinance provides that it shall be applicable and in force "throughout the territory of the City of Houston within its corporate limits." Sec. 6(b) reads as follows:

"(b)   This ordinance shall also be applicable and in force within the area immediately adjacent and contiguous to the city limits of the City of Houston and extending for a distance outside of the city limits for a total of five thousand (5,000) feet, and it shall be unlawful to do or perform any act in violation of this ordinance within such area of five thousand (5,000) feet outside the city limits; provided that this ordinance shall not apply within any portion of such 5,000 feet area which is contained within the territory of any other municipal corporation."

Appellant Treadgill was convicted in the corporation court of the city of Houston under Sec. 6(b) of this ordinance for

selling fireworks at his place of business located outside of but within less than 5,000 feet of the corporate limits of Houston. He appealed to County Court at Law No. 2 of Harris County where he was again convicted and assessed a fine of $105.00. From the conviction in the county court this appeal is prosecuted.

Section 5 of the ordinance provides a fine of $200 for the sale of fireworks. It does not authorize a fine in any lesser amount. This alone might call for a reversal of the conviction. Rutherford v. State, 79 Texas Cr. Rep. 605, 187 S.W. 481; Sumrall v. State, 104 Texas Cr. Rep. 485, 284 S.W. 957; Simmons v. State, 156 Texas Cr. Rep. 601, 245 S.W. 2d 254. Branch's Ann. P.C., Sec. 642, p. 330.

Appellant, however, predicates his appeal upon the contention that the corporation court was without jurisdiction of this prosecution. He also attacks the ordinance for its attempt to prohibit by penal ordinance a lawful business by declaring such business to be a nuisance.

The state insists that the ordinance in question was validly enacted under Subdivision 19 of Art. 1175 R.C.S., by which statute and ordinance it is claimed that the corporate limits of the city were extended for a distance of 5,000 feet for the limited purpose named in the statute, and the jurisdiction of the corporation courts correspondingly increased. They answer appellant's second contention with the assertion that fireworks are a nuisance per se, and the city council so properly found.

If the ordinance is invalid or if the corporation court was without jurisdiction, the prosecution must be dismissed.

The statutes defining the jurisdiction of corporation courts are:

Art. 1195, R.C.S.: "A corporation court shall have jurisdiction *within the territorial limits of the city,* town or village, in all criminal cases arising under the ordinances of the said city, town or village, and shall also have concurrent jurisdiction with any justice of the peace in any precinct in which said city, town or village is situated in all criminal cases arising under the criminal laws of this State, in which punishment is by fine only, and where the maximum of such fine may not exceed two hundred dollars, and *arising within such territorial limits.*"

Art. 62, V.A.C.C.P.: "The corporation court in each incorporated city, town or village of this State shall have jurisdiction *within the corporate limits* in all criminal cases arising under the ordinances of such city, town or village, and shall have concurrent jurisdiction with any justice of the peace in any precinct in which said city, town or village is situated in all criminal cases arising under the criminal laws of this State, in which punishment is by fine only, and where the maximum of such fine may not exceed two hundred dollars, and *arising within such corporate limits.*"

Art. 1200 (c) V.A.C.S. provides for the establishment of two or more corporation courts in cities having a population in excess of 380,000. Sec. 2 of the act defines the jurisdiction of these courts as follows:

"Each of such corporation Courts, when established shall have and exercise concurrent jurisdiction within the corporate limits of the city establishing them, and such jurisdiction shall be the same as is now or hereafter may be conferred upon all corporation Courts by the General Laws of this State."

Art. 1200 (c) appears to be the latest expression of the legislature on the question of jurisdiction of the corporation court in which prosecution was instituted. It was enacted long after Art. 1175 R.C.S.

Sec. 19 of Art. 1175, R.C.S., under which the state urges that the limits of the city of Houston were extended so as to include the 5,000 foot strip for the limited purpose of prohibiting nuisances therein, reads as follows:

"Each city shall have the power to define all nuisances and prohibit the same within the city and outside the city limits for a distance of five thousand feet; to have power to police all parks or grounds, speedways, or boulevards owned by said city and lying outside of said city; to prohibit the pollution of any stream, drain or tributaries thereof, which may constitute the source of water supply of any city and to provide for policing the same as well as to provide for the protection of any water sheds and the policing of same; to inspect dairies, slaughter pens and slaughter houses inside or outside the limits of the city, from which meat or milk is furnished to the inhabitants of the city."

In support of the theory that the corporate limits were extended for limited purposes, attention is directed to Art. 969b,

V.A.C.S., providing for the acquisition of property outside the corporate limits and the exercise of police power within such territory by a city or cities in a county of 350,000 or more population; Art. 1183, V.A.C.S., providing for the extension of the limits of a city so as to include for limited purposes a 2500 foot strip along each side of the navigable stream upon which the city is located, for distances up to 20 miles; and Art. 1186, V.A.C.S., providing for the authority by criminal ordinances to police same.

It will be observed from a reading of these statutes that the legislature did not attempt to increase or add to the territory or change the limits of any Home Rule City (if in fact the state has the authority to do so). City of Houston et al v. State ex rel. City of West University Place et al, 171 S.W. 2d 203, reversed on other grounds, 176 S.W. 2d 928. The legislation referred to merely authorizes certain cities to extend their jurisdiction under certain conditions.

There is no language in the ordinance before us to indicate any purpose or intention on the part of the city council of Houston to extend the limits of the city so as to include the 5,000 foot strip for any purpose. On the other hand, the ordinance refers to this territory as being outside of the limits, and nowhere suggests that it is to be annexed or acquired for any purpose by the city.

It will be noted that Sec. 19 of Art. 1175, R.C.S., in addition to authorizing Home Rule Cities to define and prohibit nuisances outside the city limits (for a distance of 5,000 feet) also grants such cities the power to prohibit the pollution of any stream, drain or tributary thereof which may constitute the source of its water supply and this without limit as to distance from the city limits. To agree with the state's construction of the statute would require a holding that the entire watershed of such a stream is a part of the city and that penal ordinances enacted by the city may be enforced in its corporation courts, though the act complained of occurred at a far distant point on the watershed.

Again, if the 5,000 foot strip adjoining the city limits of Houston was acquired and made a part of the city of Houston by Art. 1175, Sec. 19, R.C.S., and the ordinance here in question, then under the rule applied in City of Galena Park v. City of Houston, 133 S.W. 2d 162 (Civ. App., writ refused) construing Art. 1183 et seq., R.C.S., the territory would be a part of

the city of Houston but only for the limited purpose of defining and prohibiting nuisances therein. It would enjoy no other benefits or advantages as municipal territory. It would, however, be ear-marked and reserved for future acquisition by the city of Houston, and exempt and immune from becoming a part of another municipality.

We conclude that the place where the sale of fireworks was alleged to have occurred was not within the limits of the city of Houston; that the corporation courts of said city therefore had no jurisdiction to try appellant for the offense charged and the county court at law of Harris County acquired none.

We express no opinion as to the power of the city of Houston to declare the presence of fireworks in the city or within 5,000 feet outside of the corporate limits a nuisance, or to abate or otherwise deal with such in a proper proceeding.

The judgment is reversed and the prosecution is ordered dismissed.

### ON STATE'S MOTION FOR REHEARING

DAVIDSON, Judge.

Our original disposition of this case was based upon the proposition that the corporation court of the city of Houston was without jurisdiction to try appellant for a violation of the ordinance making it unlawful to sell fireworks beyond the city limits of the city of Houston but within 5,000 feet of said limits.

In reaching that conclusion, we expressly refrained from approving the validity of such an ordinance or the power of the city of Houston to enact and promulgate the same.

Appellee recognizes that under such holding and in order for a different conclusion to be reached by us, it must establish the validity of the ordinance and, in addition, the corporation court as a proper forum in which the ordinance might be enforced and violations thereof punished.

Under Sec. 19, Art. 1175, V.A.C.S., the city of Houston was expressly authorized to "define all nuisances and prohibit the same within the city and outside the city limits for a distance of five thousand feet."

It appears that it is now definitely settled by the courts of this and other jurisdictions that fireworks constitute such danger to the public health and safety as to constitute them a nuisance, and the sale thereof may be prohibited by municipalities in the exercise of their police power. Ex parte Clark, 139 Texas Cr. Rep. 385, 140 S.W. 2d 854; Cannon v. City of Dallas, et al, 263 S.W. 2d 288, and authorities there cited.

It is apparent, therefore, that the city of Houston had the power to prohibit the sale of fireworks within its corporate limits.

The next question arising is whether the legislature was authorized to confer upon the city of Houston the power to prohibit such sale and the maintenance of the nuisance beyond its corporate limits for a distance of 5,000 feet.

Here, again, Sec. 19 of Art. 1175, V.A.C.S., furnishes the authority for such power.

It would be idle to say that, in the exercise of its police power, a city may prohibit the operation of a nuisance within the corporate limits but could not do so if the nuisance was beyond the limits of the city but so situated as to constitute the same nuisance or hazard to the public health and safety as if within the city limits. To so limit and circumscribe the power of the city in such an instance could defeat the power of the city to prohibit the maintenance of the nuisance.

The conclusion is expressed that the legislature was authorized to confer upon the city of Houston the right to prohibit the maintenance of the nuisance beyond the city limits as a necessary attribute of the power, in the first instance, to prohibit nuisances dangerous to the public health and safety of the city.

This conclusion appears to be authorized, in principle at least, by 62 C.J.S., Municipal Corporations, Sec. 141, p. 283; O'Brien v. Amerman, et al, 247 S.W. 270; City of Rockford v. Hey, 9 N. E. 2d 317; City Transportation Company, Inc., v. Pharr, et al, 209 S.W. 2d 15.

In so far as it prohibited the sale of fireworks beyond the limits of the city of Houston but within 5,000 feet thereof, the ordinance is valid and warranted by express authority delegated by the legislature of this state.

The question remaining, then, is whether the corporation court of the city of Houston was a forum in which violations of that ordinance might be prosecuted.

We disposed of this question, originally, in the negative, because of our conclusion of a lack of jurisdiction in said corporation court.

Appellee earnestly challenges the correctness of that conclusion.

We now conclude that we were in error in so holding, basing such conclusion upon the proposition that the question as to the power of the corporation court to act was not one of jurisdiction but, rather, of venue.

The corporation court of the city of Houston possesses jurisdiction "within the territorial limits" of that city in all criminal cases arising under the ordinances of that city and concurrent jurisdiction with the justice of the peace in all criminal cases arising under the criminal laws of this state in which punishment is by fine only and where the maximum fine may not exceed two hundred dollars. Art. 1195, R.C.S.; Art. 12000c, V.A. C.S.; and Art. 62, V.A.C.C.P

The right to prosecute for violations of the laws in a county other than that in which the crime was committed is not new in this state. Chapter Two of Title 4 of the Code of Criminal Procedure, Arts. 186-211, is especially devoted to that subject. Special attention is called to Art. 187, C.C.P., where prosecutions of land titles is expressly authorized to be maintained in Travis County, without regard to the county where the offense is committed. So, also, may one be tried for the crime of rape in various counties other than that in which the offense was committed, Art. 207, C.C.P. Indeed, by Art. 190, C.C.P., any offense may be prosecuted in a county other than that in which the crime was committed if within four hundred yards of the boundary.

The validity of these venue statutes has never been seriously questioned, nor has the right of the legislature to promulgate the same been denied. In this connection, attention should be called to the fact that in this state we have no constitutional inhibition against trying an accused outside the county where the offense is committed or outside the county of his residence. The only inhibition we have is statutory. Art. 211, C.C.P.

There is no escape, then, from the conclusion that the legislature of this state possessed the power to authorize one to be tried in a county or a jurisdiction other than that in which the offense is committed.

Such being true, it would follow that the legislature was also authorized to confer upon corporation courts like power and authority to try cases coming within its jurisdiction but where the offense was committed outside the corporate limits.

The question, then, is whether the legislature has so provided.

While it is true that the legislature of this state has not expressly so provided, no other conclusion but that it has done so may be drawn from that part of Sec. 19 of Art. 1175, V.A. C.S., by which the city of Houston is expressly authorized to prohibit nuisances outside the city limits for a distance of five thousand feet.

The right to prohibit such nuisances carries with it the right to do all things necessary to that end, which extends to prosecution and punishment in the courts having jurisdiction of such offense.

The ordinance making it unlawful to sell fireworks within five thousand feet of the boundary line of the city of Houston being valid, the corporation court of the city of Houston was a proper court in which a prosecution for a violation of that ordinance might be maintained.

From what has been said, it is apparent that the ordinance here involved is valid and the corporation court of the city of Houston is a proper forum in which violations of that ordinance might be determined.

To the extent expressed, the state's motion for rehearing is granted.

It appearing, however, that the ordinance fixed no graduated punishment for a violation thereof but fixed a fine of $200 as the only punishment assessible thereunder, the punishment of a fine of $105, as here fixed, was not authorized by the ordinance, as suggested in our original opinion.

For this reason, the judgment of conviction cannot stand.

The state's motion for rehearing is granted in part, and in part overruled; and the judgment of conviction is reversed and the cause is remanded.

WOODLEY, Judge, dissenting.

My brethren have reached the conclusion that the ordinance is valid; that the corporation court had the authority to hear and decide the case, and that it should be remanded for another trial rather than be dismissed.

I am unable to agree with the majority opinion on rehearing and believe that the case was properly disposed of on original submission.

The distinguished and capable city attorney of Houston and his able assistants submit as the controlling point in this appeal: "Whether the Corporation Court of a Home Rule City has jurisdiction of offenses created by ordinance enacted under the authority of Art. 1175, Subd. 19, R.C.S., when the offense occurs outside of but within 5,000 feet of the corporate limits of such city." The theory that the question is one of venue is not advanced by counsel for either side, and does not appeal to the writer as sound.

Upon original submission it was urged with much force and logic that Subdivision 19 of Art. 1175, R.C.S., "extends the corporate limits of each Home Rule City for a distance of 5,000 feet for the limited purposes named in the statute." It was pointed out that "no other forum is available to try such cases" and contended that "if the statute in question does not so extend the corporate limits so as to vest jurisdiction in the corporation court to try persons maintaining nuisances in violation of an ordinance prohibiting nuisances in the adjacent area the statute is rendered meaningless."

This contention was overruled in our original opinion, and I do not understand the opinion on rehearing as holding otherwise. The corporate limits then were not extended by Art. 1175, Subd. 19, R.C.S., or by the ordinance.

Upon rehearing, as well as on original submission, it was further reasoned and urged by able counsel for the city of Houston that by Art. 1175, Subd. 19, R.C.S., enacted in 1913, juris-

diction has been given Home Rule Cities over the 5,000 foot adjacent area, though outside the corporate limits, and that said statute authorized the passage of the ordinance defining the offense here charged, and extended the jurisdiction of the corporation court to try the offender.

Art. 62 C.C.P. was enacted in 1899; Art. 1195 R.C.S. the same year. Each provides that the corporation court shall have jurisdiction within the territorial or corporate limits in all criminal cases arising under the ordinances of the said city, town or village. (Jurisdiction of state cases concurrent with justice of the peace courts is not here involved, the act charged not being prohibited by state law.)

Arts. 62 C.C.P. and 1195 R.C.S. are general laws and apply to all corporation courts, whether the municipality be a Home Rule City or a city, town or village incorporated under the general laws.

Art. 1175 R.C.S. was enacted long after the foregoing statutes, Arts. 62 C.C.P. and 1195 R.C.S. It enumerates certain powers which are to be exercised by Home Rule Cities, but has no application to other cities, towns or villages. It contains no specific provision as to jurisdiction of corporation courts.

As stated, the jurisdiction of corporation courts under the general laws as to cases involving violation of the penal ordinances of the city is confined to the territorial or corporate limits of the city. See Arts. 62 C.C.P. and 1195 R.C.S.

Art. 1200(c) V.A.C.S., enacted in 1949, provides in terms that the corporation courts therein mentioned (admittedly the corporation courts of the city of Houston are included in the act) shall have the same jurisdiction as conferred by general laws on all corporation courts. Laws in conflict are specifically repealed. This excludes the theory that the jurisdiction of such corporation courts extends beyond that of cities or towns incorporated under the general laws, to which Art. 1175 R.C.S. has no application.

I concur in the reversal but respectfully dissent from that part of the opinion on rehearing which holds that the question is one of venue rather than jurisdiction, and upholds the validity of the ordinance and the power of the corporation court to hear and determine the case. The act charged was not committed within the territorial or corporate limits of Houston and was not a violation of state law. The corporation court had no jurisdiction to try appellant for the act charged and the prosecution should be dismissed.