OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

March 23, 1999

The Honorable William T. Hill, Jr.
Dallas County Criminal District Attorney
411 Elm Street
Dallas, Texas 75202

Opinion No. JC-0025

Re: Whether municipal court has jurisdiction over cases arising under nuisance ordinance prohibiting outdoor burning within 5,000 feet outside city limits (RQ-1212)

Dear Mr. Hill:

Your predecessor in office asked us to determine which court has jurisdiction over violations of a municipal ordinance that occur outside the city limits of the City of Wylie. The City has adopted a nuisance ordinance that prohibits outdoor burning within Wylie and within 5,000 feet outside the city limits. We assume that the ordinance was validly adopted pursuant to the authority granted to home-rule cities in Local Government Code section 217.042, which provides:

> (a) The municipality may define and prohibit any nuisance within the limits of the municipality and within 5,000 feet outside the limits.
>
> (b) The municipality may enforce all ordinances necessary to prevent and summarily abate and remove a nuisance.

TEX. LOC. GOV'T CODE ANN. § 217.042 (Vernon 1988). A violation of the ordinance is a misdemeanor and is punishable by a fine not to exceed $2,000. Wylie, Tex., Ordinance 98-7, § 5 (Jan. 27, 1998).

For violations of the ordinance that occur *inside* city limits, the City's municipal court has exclusive jurisdiction. Government Code section 29.003 provides, in relevant part:

> (a) A municipal court, including a municipal court of record, shall have exclusive original jurisdiction *within the territorial limits of the municipality* in all criminal cases that:
>
> (1) arise under the ordinances of the municipality; and
>
> (2) are punishable by a fine not to exceed:

> (A) $2,000, in all cases arising under municipal ordinances that govern fire safety, zoning, or public health and sanitation, including dumping of refuse; or
>
> (B) $500 in all other cases arising under a municipal ordinance.

TEX. GOV'T CODE ANN. § 29.003 (Vernon Supp. 1999) (emphasis added); *see also* TEX. CODE CRIM. PROC. ANN. art. 4.14 (Vernon Supp. 1999) (containing identical provision for municipal court jurisdiction). As a general rule, then, a municipal court only has jurisdiction to enforce ordinance violations occurring within the corporate limits of a city.

Where a municipal court is established as a "municipal court of record," however, its jurisdiction may reach beyond city limits. Appeals from municipal courts of record must be based upon errors in the record set out in the defendant's motion for new trial, *see* TEX. GOV'T CODE ANN. § 30.00013 (Vernon Supp. 1999), while appeals from regular municipal courts must be tried *de novo* in county court, *see* TEX. CODE CRIM. PROC. ANN. art. 45.10 (Vernon Supp. 1999). Under the general law for municipal courts of record, the governing body of a city may establish its courts as municipal courts of record "if the formation of municipal courts of record is necessary to provide a more efficient disposition of appeals from the municipal court." TEX. GOV'T CODE ANN. § 30.00002 (Vernon Supp. 1999).

The jurisdiction of a general municipal court of record is broader than that of a regular municipal court, as follows:

> (a) A municipal court of record has the jurisdiction provided by general law for municipal courts.
>
> (b) *The court has jurisdiction of criminal cases arising under ordinances authorized by [Local Government Code sections 215.072, 217.042, 341.903, 401.002].*

*Id.* § 30.00005 (emphasis added). The ordinances described in subsection (b) are ordinances that may be applied outside of a city's boundaries, including a nuisance ordinance enacted pursuant to Local Government Code section 217.042. Thus municipal courts of record established pursuant to the general law for municipal courts of record have express jurisdiction over certain criminal cases arising from ordinance violations outside city limits.

Your predecessor informed us that the City of Wylie has not established its municipal court as a municipal court of record. Wylie's municipal court thus does not have express jurisdiction over cases arising from ordinance violations outside city limits. We consider, therefore, whether jurisdiction may be implied. "[J]urisdiction may be conferred upon a court by necessary implication as effectually as by express terms." *Spence v. Fenchler*, 180 S.W. 597, 601 (Tex. 1915); *see Eichelberger v. Eichelberger*, 582 S.W.2d 395, 399 (Tex. 1979).

In *Treadgill v. State*, 275 S.W.2d 658 (Tex. Crim. App. 1954), our Court of Criminal Appeals held that where a city is authorized to adopt a nuisance ordinance that applies extraterritorially, a municipal court has implied authority to hear cases arising from violations of the ordinance that occur outside city limits. At issue in *Treadgill* was a City of Houston ordinance making it unlawful to sell fireworks within city limits and within 5,000 feet outside city limits. The ordinance was adopted pursuant to former article 1175 of the Revised Civil Statutes, the predecessor to current Local Government Code section 217.042. The statute allowed a city to "define all nuisances and prohibit the same within the city and outside the city limits for a distance of five thousand feet." *Id.* at 662. A person who had been convicted in municipal court for selling fireworks within 5,000 feet outside the city limits appealed his conviction, in part on the grounds that the municipal court was without jurisdiction to hear his prosecution. The Court of Criminal Appeals acknowledged that the statute conferring jurisdiction on municipal courts gave them express jurisdiction only within their corporate limits. But the court said that the proper question was one of venue, not jurisdiction, citing the legislature's power to authorize the trying of a person in a jurisdiction other than the jurisdiction in which the person committed the offense. *Id.* at 663; *but see id.* at 665 (Woodley, J., dissenting) (arguing that question was one of jurisdiction rather than venue and that municipal court had no jurisdiction to try case arising from act outside city limits). The court found that the authority of a municipal court to try cases arising from conduct committed beyond corporate limits was implied by the fact that the city was authorized to prohibit nuisances there:

> The right to prohibit such nuisances carries with it the right to do all things necessary to that end, which extends to prosecution and punishment in the courts having jurisdiction of such offense.

> The ordinance making it unlawful to sell fireworks within five thousand feet of the boundary line of the City of Houston being valid, the corporation court of the City of Houston was a proper court in which a prosecution for a violation of that ordinance might be maintained.

> From what has been said, it is apparent that the ordinance here involved is valid and the corporation court of the city of Houston is a proper forum in which violations of that ordinance might be determined.

*Id.* at 664 (on motion for rehearing). At least one subsequent court has recognized the implied jurisdiction of a municipal court over extraterritorial ordinance violations. *See City of Westlake Hills v. Westwood Legal Defense Fund*, 598 S.W.2d 681, 687 (Tex. Civ. App.—Waco 1980, no writ) ("A municipal court may . . . have jurisdiction to try offenses occurring outside the corporate limits if the offenses constitute violations of city ordinances which validly apply to the area in which the offense occurred.").

In the present case, the statute authorizing cities to prohibit nuisances beyond their borders allows cities to "enforce all ordinances necessary to prevent and summarily abate and remove a nuisance." TEX. LOC. GOV'T CODE ANN. § 217.042(b) (Vernon 1988). We conclude in accordance

with *Treadgill* that the Wylie municipal court has implied authority to hear nuisance cases arising from conduct outside city limits.

While it can be argued that the express extraterritorial jurisdiction given to municipal courts of record divests regular municipal courts of any implied jurisdiction, we do not think that the legislature intended such a result. The municipal court of record statute was enacted in 1987 to give all cities the ability to take advantage of the more streamlined appeals process from municipal courts of record, a process previously available to only a few cities with their own specific statutes. *See* HOUSE RESEARCH ORGANIZATION, BILL ANALYSIS, Tex. H.B. 1879, 70th Leg., R.S. (May 12, 1987); HOUSE COMM. ON JUDICIAL AFFAIRS, BILL ANALYSIS, Tex. H.B. 1879, 70th Leg., R.S. (1987). To establish a municipal court of record, a city's governing body must find that "the formation of municipal courts of record is necessary to provide a more efficient disposition of appeals from the municipal court." TEX. GOV'T CODE ANN. § 30.00002 (Vernon Supp. 1999). We find no evidence in the legislative history of section 30.00002 that indicates that the statute was intended to provide a way for a municipal court to obtain extraterritorial jurisdiction. In fact, a city cannot establish its courts as municipal courts of record merely for the purpose of gaining such jurisdiction. *Id.* Nor do we find any indication in the legislative history that the statute was intended to foreclose the authority of municipal courts to enforce extraterritorial nuisance ordinance violations implied by the Court of Criminal Appeals in *Treadgill*.

We conclude, therefore, that the City of Wylie's municipal court has jurisdiction over cases arising from violations of its nuisance ordinance, adopted pursuant to Local Government Code section 217.042, that occur outside city limits.

## S U M M A R Y

Where a municipality is authorized to adopt a nuisance ordinance applicable to conduct occurring outside city limits and where the municipality has adopted such an ordinance, a municipal court has implied jurisdiction over cases arising from violations of the ordinance that occur outside city limits.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by Barbara Griffin
Assistant Attorney General