### J. S. RUTHERFORD v. THE STATE.

#### No. 4113. Decided June 7, 1916.

**1.—Illegal Practice of Medicine—Punishment—Charge of Court.**

Where, upon trial of unlawfully practicing medicine, the court erroneously defined the penalty to be that of a fine and omitted the part of the punishment which was confinement in the county jail, and the jury found the defendant guilty, assessing his fine at $100, the same was reversible error. Following Dillard v. State, 77 Texas Crim. Rep., 1, 177 S. W. Rep., 99.

**2.—Same—Indictment—Proof.**

The indictment should not only allege that defendant had not recorded a certificate authorizing him to practice medicine in the county of the prosecution, but should further allege that he had no such certificate, and proof that he had recorded no such certificate would be prima facie proof that he had none.

Appeal from the County Court of Johnson. Tried below before the Hon. B. Jay Jackson.

Appeal from a conviction of unlawfully practicing medicine; penalty, a fine of $100.

The opinion states the case.

*Ratliff & Spencer,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of indictment: Young v. State, 181 S. W. Rep., 472; Milling v. State, 150 S. W. Rep., 434.

HARPER, JUDGE.—Appellant was convicted of unlawfully practicing medicine and his punishment assessed at a fine of $100.

Article 756 of the Penal Code provides that the punishment for unlawfully practicing medicine shall be by fine of not less than $50 nor more than $500 and by imprisonment in the county jail for any period of time not exceeding six months. It is thus seen that the Legislature has fixed some imprisonment as a minimum punishment the jury can assess   The punishment assessed must be always within the minimum and maximum fixed by law. This court, and no other court in this State, can assess a punishment that the law does not authorize. Fowler v. State, 9 Texas Crim. App., 149; Jenkins v. State, 28 Texas Crim. App., 86; Brown v. State, 50 Texas Crim. Rep., 626; Dillard v. State, 77 Texas Crim. Rep., 1, 177 S. W. Rep., 99.

This will necessitate a reversal of the case, but there is one other question, we think, which should be mentioned. While the court did not err in overruling the motion to quash the indictment on the grounds presented in the motion, yet we think on another trial the indictment either should allege and the proof show that appellant was temporarily residing in Johnson County if such be the fact; or if this be not a fact, then, as it is alleged appellant's residence is unknown, the indictment should not only allege that he had not recorded a certificate authorizing him to practice in Johnson County, but should further allege that he had no certificate authorizing him to practice, and proof that he had recorded no certificate would be prima facie proof that he had none by virtue of the statute.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*