George P. Blackburn, State's Atty., of Austin, for the State.

MORRISON, Judge.

The offense is the willful and negligent burning of woodland; the punishment, a fine of $50.00.

Our able State's Attorney has confessed error herein on the grounds that the information does not properly charge any offense.

It is evident from the record that both the State and the appellant considered that this was a prosecution under Article 1321, Penal Code. We arrive at this conclusion because the complaint and information were drawn in compliance with Willson's Criminal Forms, Section 575, and appellant's brief discusses said article.

Article 1388b–1, Vernon's Ann.P.C., which became effective in 1939, Acts 1939, 46th Legislature, page 242, as amended by Acts 1947, 50th Legislature, page 947, chapter 404, § 1, superseded Article 1321; and prosecution herein, on August 29, 1951, should have been under said amended article and not under Article 1321, which had been repealed by implication.

The information herein would not support a conviction under the terms of Article 1388b–1 in that it fails to charge that the woods in question were "on land of which he is not in possession or control at the time of setting such fire". Powell v. State, Tex.Cr.App., 243 S.W.2d 586.

Further, this conviction cannot be supported under Article 1388b–1 because the fine assessed herein is in the sum of $50.00, and the minimum fine provided by such article is $100.00. In Rutherford v. State, 79 Tex.Cr.R. 605, 187 S.W. 481, in reversing a case where the punishment was less than the minimum, we held that no court in this State could assess a punishment that the law does not authorize.

 the information of the bar, we call attention to two recent enactments of the Legislature, Articles 1321a and 1321b, which became effective on September 6, 1951 (8 days after the proceedings herein were had), and which, in our judgment, insofar as a charge of willful or negligent setting fire to woods, forest, grass or brush lands, repealed Article 1388b–1.

Because of the defect in the information, the judgment of the trial court is reversed and the prosecution ordered dismissed.

## JONES v. STATE.
### No. 25653.

Court of Criminal Appeals of Texas.

Jan. 10, 1952.

No attorney on appeal for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

GRAVES, Presiding Judge.

Appellant entered a plea of guilty to the offense of possession of whisky for the purpose of sale in a dry area, and upon conviction, his punishment was assessed at a fine of $750.00.

The record is before us without a statement of facts or bills of exception. Therefore, no question is presented for review.

The judgment of the trial court is affirmed.