John **DOUGHERTY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–87–00231–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 22, 1987.

Mary B. Hennessy, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Roe Morris, Leslie Brock, Harris County Asst. Dist. Attys., Houston, for appellee.

Before COHEN, DUNN and WARREN, JJ.

OPINION

WARREN, Justice.

In this opinion, we hold that the trial court's order granting appellant probation,

after finding him guilty of aggravated sexual assault, and the subsequent order revoking appellant's probation, are void.

On December 9, 1985, pursuant to a plea bargain, appellant pled guilty to the offense of aggravated sexual assault. The court accepted the plea bargain and placed appellant on probation for 10 years.

On March 13, 1987, the trial court revoked appellant's probation for failing to participate in a sex offender program and sentenced him to 10 years confinement.

Appellant's sole point of error contends that the trial court lacked authority to grant him probation; therefore, his conviction and sentence are void.

A defendant who is convicted of aggravated sexual assault is ineligible for court-ordered probation. Tex.Code Crim.P.Ann., art. 42.12, § 3g(a)(1)(C) (Vernon Supp.1987).

The Texas Court of Criminal Appeals has uniformly held that an order or judgment inflicting punishment not authorized by law is void. *State ex rel. Vance v. Hatten*, 600 S.W.2d 828 (Tex.Crim.App.1980); *State ex rel. Curry v. Gray*, 599 S.W.2d 630 (Tex. Crim.App.1980); *Ex parte McIver*, 586 S.W.2d 851 (Tex.Crim.App.1979).

We hold that both the order placing appellant on probation and the order revoking probation and sentencing appellant to 10 years confinement are void.

Reversed and remanded.