Michael Anthony HEATH, Appellant,

v.

The STATE of Texas, Appellee.

No. 1465–89.

Court of Criminal Appeals of Texas,
En Banc.

April 24, 1991.

Opinion on State's and State
Prosecuting Attorney's Motion for
Rehearing Oct. 23, 1991.

Wes Ball (Court-appointed on appeal), Arlington, for appellant.

Tim Curry, Dist. Atty., and C. Chris Marshall, Loretta Stauffer and David K. Chapman, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

BAIRD, Judge.

Appellant pled guilty to the charged offense of aggravated robbery. The trial court found appellant guilty, followed the plea bargain agreement between appellant and the State, and assessed punishment at ten years confinement, suspended imposition of the sentence and placed appellant on probation for ten years. The State later moved to revoke the probated sentence. The trial court held a hearing, revoked the probation and sentenced appellant to eight years confinement. The Court of Appeals affirmed. *Heath v. State*, 778 S.W.2d 208 (Tex.App.—Fort Worth 1989).[1]

■ We granted appellant's petition for discretionary review wherein the sole ground for review contends "the Court of Appeals erred in finding that appellant cannot be heard to complain about revocation of his probated sentence for aggravated robbery when the probation was originally granted contrary to Tex.Code Crim.Proc. Ann. Art. 42.12 (Vernon 1979)." Appellant argues that the trial court's order granting probation and the sentence imposed after the revocation of probation were void because a defendant is ineligible for court-ordered probation if he is convicted of aggravated robbery. The trial court's order granting probation and the subsequent sentence of eight years were not authorized by law. Tex.Code Crim.Proc.Ann. art. 42.12, § 3g(a)(1)(D). If a punishment is not authorized by law, that portion of the sentence imposing that punishment is void. *Ex parte Johnson*, 697 S.W.2d 605, 606–607 (Tex.Cr.App.1985).

■ The Court of Appeals held that since appellant did not raise the issue of the void sentence when the probation was assessed, appellant was barred from complaining of any defect in his sentence on appeal. *Heath*, 778 S.W.2d at 210, citing *Trcka v. State*, 744 S.W.2d 677 (Tex.App.— Austin 1988, pet.ref'd.). We have long held that a defect which renders a sentence void may be raised at any time. *Ex parte McIver*, 586 S.W.2d 851, 854 (Tex.Cr.App.1979). (Habeas corpus relief will issue to a person in custody under a sentence which is void because the punishment is unauthorized, citing *Ex parte Harris*, 495 S.W.2d 231, 232 (Tex.Cr.App.1973) and *Ex parte White*, 659 S.W.2d 434, 435 (Tex.Cr.App.1983)). Therefore, appellant was not barred from complaining of the void sentence on direct appeal by not first raising the issue before the trial court.

■ Having determined that the issue could be raised on direct appeal, we must determine what action is appropriate when a defendant ineligible to receive a probated sentence receives such a probated sentence pursuant to a plea bargain agreement. The identical issue was adressed in *Dougherty v. State*, 740 S.W.2d 516 (Tex.App.— Houston [1st] 1987, no pet.) where, pursuant to a plea bargain agreement, the defendant pled guilty to the offense of aggravated sexual assault. The trial court found the defendant guilty, followed the plea bargain agreement, and assessed punishment at ten years confinement, suspended imposition of the sentence and placed the defendant on probation. The probation was later revoked and the defendant was sentenced to ten years confinement. The court of appeals found that a defendant convicted of aggravated sexual assault was ineligible for court-ordered probation pursuant to Tex.Code Crim.Proc.Ann. art. 42.12 § 3g(a)(1)(C). The court of appeals reversed the cause and remanded it to the trial court by concluding:

---

1. Appellant was also charged with the offense of burglary of a habitation. At the time of his plea in the instant cause, Appellant also pled guilty to that offense. Pursuant to the instant plea bargain agreement, the trial court assessed punishment at ten years confinement, suspended imposition of the sentence and placed appellant on probation for ten years. After the same hearing involved in the instant case, the trial court, revoked the probation and sentenced appellant to eight years confinement. The Court of Appeals affirmed. *Heath v. State*, 778 S.W.2d 208 (Tex.App.—Fort Worth 1989). No petition for discretionary review was filed from that affirmance. Therefore, the only offense involved in this case is that of aggravated robbery.

The Texas Court of Criminal Appeals has uniformly held that an order or judgment inflicting punishment not authorized is void. *State ex rel. Vance v. Hatten*, 600 S.W.2d 828 (Tex.Crim.App. 1980); *State ex rel. Curry v. Gray*, 599 S.W.2d 630 (Tex.Crim.App.1980); *Ex parte McIver*, 586 S.W.2d 851 (Tex.Crim. App.1979).

We hold that both the order placing appellant on probation and the order revoking probation and sentencing appellant to 10 years confinement are void. *Dougherty*, 740 S.W.2d at 517.

We agree with the reasoning in *Dougherty*. This cause must be remanded to the trial court.

There remains one final question: In what posture do the parties stand when the cause returns to the trial court? As this cause involved a plea bargain agreement, unenforceable because appellant was ineligible for court-ordered probation for the offense of aggravated robbery, we turn to *Shannon v. State*, 708 S.W.2d 850 (Tex.Cr. App.1986) for guidance. In *Shannon* the defendant, pursuant to a plea bargain agreement, entered a plea of guilty in exchange for a sentence of two years. Appellant challenged the conviction. The court of appeals reversed the conviction and remanded the case for a reassessment of punishment only. We granted the State's petition for discretionary review and held:

> We hold, therefore, that when a defendant, who has entered a negotiated plea of guilty, challenges the conviction and is successful, the appropriate remedy is specific performance of the plea, if possible, or, if not, withdrawal of the plea, with both parties, *including the State*, returned to their original positions. [Emphasis in original.]

*Id.* at 852.

In this case, appellant is not eligible for court-ordered probation for the offense of aggravated robbery, therefore, specific performance is not an alternative. The only remaining remedy is to order appellant's plea of guilty withdrawn and to return the parties, including the State, to their original positions.

Therefore, the judgment of the Court of Appeals is reversed and the cause is remanded to the trial court with orders that the trial court withdraw appellant's plea and that appellant replead to the indictment in this cause.

## OPINION ON STATE'S AND STATE PROSECUTING ATTORNEY'S MOTION FOR REHEARING

Michael Anthony Heath, appellant, pled guilty to the charged offense of aggravated robbery. The trial court found appellant guilty, followed the plea bargain agreement between appellant and the State, assessed punishment at ten years confinement, and suspended imposition of the sentence, placing appellant on probation for ten years. The State later moved to revoke the probated sentence. The trial court held a hearing, revoked the probation, and sentenced appellant to eight years confinement. The Court of Appeals affirmed. *Heath v. State*, 778 S.W.2d 208 (Tex.App.—Fort Worth 1989). On original submission, we granted appellant's petition for discretionary review and held: 1) if a punishment is not authorized by law the sentence is void; 2) appellant did not waive the issue by failing to complain in the trial court because a defect that renders a sentence void may be raised at any time; and 3) when the void sentence is obtained as a result of a plea bargain agreement, where specific performance is not an alternative, the remedy is to order the plea of guilty withdrawn and to return the parties, including the State, to their original positions. Therefore, we reversed the judgment of the Court of Appeals and remanded the case to the trial court with orders that the trial court withdraw appellant's plea and that appellant replead to the indictment. *Heath v. State*, 817 S.W.2d 335 (Tex.Cr.App. No. 1465–89, delivered April 24, 1991) (opinion on original submission).

The State and the State Prosecuting Attorney have filed motions for rehearing urging that our opinion on original submission is in conflict with other precedent from

this Court. We will deny both motions and affirm our holding on original submission.

## I.

As noted on original submission, a defendant convicted of aggravated robbery is not eligible for court-ordered probation. Tex.Code Crim.Proc.Ann. art. 42.12, § 3g(a)(1)(D). The State contends that we erred on original submission by not employing the doctrine of estoppel. Specifically, the State argues that since appellant enjoyed the unauthorized probation, he should be estopped from complaining when the State moves to revoke the probation. The State relies upon a line of cases beginning with *Popham v. State*, 154 Tex.Crim. 529, 228 S.W.2d 857 (1950).

In *Popham*, supra, the defendant pled guilty to assault with intent to rape and was sentenced to an unauthorized probation. The State later moved to revoke the probation. The trial court granted the State's motion and assessed punishment at three years confinement. Citing no legal precedent, this Court held that where the trial court was without "authority to place appellant upon probation ... [it] did not err in revoking the unauthorized order of probation." *Id.*

This Court revisited the issue in *Hartley v. State*, 169 Tex.Crim. 341, 334 S.W.2d 287 (1960). In *Hartley*, the defendant pled guilty to unlawful possession of a narcotic drug and was sentenced to an unauthorized probation. The State subsequently discovered the defendant had a prior felony conviction and moved to revoke the probation. The trial court granted the State's motion and assessed punishment at two years confinement. Again, this Court held the defendant could not complain when an unauthorized probation was revoked. *Id.*

In *Tritt v. State*, 379 S.W.2d 919 (Tex.Cr. App.1964), defendant pled nolo contendere to an indictment for abortion. The defendant was sentenced to an unauthorized probation. The State later moved to revoke the probation. The trial court granted the State's motion and assessed punishment at four years confinement. As the offense

pled to was one in which court-ordered probation was not authorized, the defendant contended the original sentence was void. Again, this Court held the defendant could not complain when a court revoked an unauthorized probation. *Id.*

Additionally, the State relies upon *Branch v. State*, 477 S.W.2d 893 (Tex.Cr. App.1972), which the State Prosecuting Attorney describes as a "white horse case." However, we find *Branch* distinguishable from the case at bar. *Branch* did not involve either a plea bargain agreement or a plea of guilty; the defendant exercised his right to a jury trial upon his plea of not guilty to the jury, and the jury returned a verdict of guilty. The trial judge assessed punishment at 10 years, probated, and the defendant did not appeal. The trial court later revoked Branch's probation and he appealed urging that the evidence was insufficient to establish that he violated the terms and conditions of his probation. Also, on appeal Branch sought to have the Court of Criminal Appeals review any errors made in the original trial. To support this argument, he argued the court's order granting probation was a nullity and he should be able to now give notice of appeal. The Court in *Branch* held: "If the court did not have the authority to grant probation, there is no error in its revocation" and cited *Tritt, Hartley* and *Popham. Branch*, 477 S.W.2d at 896.

Finally, the State asserts that our opinion on original submission is in conflict with *Coleman v. State*, 640 S.W.2d 889 (Tex.Cr.App.1982). We also find *Coleman* distinguishable. In *Coleman*, the trial court improperly sentenced appellant to pay a fine as a condition of *deferred adjudication.*[1] The issue in *Coleman* was whether an unauthorized *condition* of probation, not used to revoke the probation, was sufficient to "set aside an otherwise valid conviction." *Id.* In *Coleman* we held: "The mere imposition of an unauthorized condition of probation, which is not utilized as a basis of a subsequent revocation of probation, cannot be used to set

---

1. All emphasis, unless otherwise indicated, is     supplied by the author.

aside an otherwise valid conviction." *Id.* at 892. This case does not deal with the terms and conditions of probation but whether the initial probation, obtained through a plea bargain agreement, was authorized. Therefore, *Coleman* is not dispositive of the issues presented today.

## II.

We recognize that *Popham, Hartley* and *Tritt* appear to support the State's estoppel theory; however, the following cases support our holding on original submission. In *Ex parte Austin*, 746 S.W.2d 226 (Tex.Cr.App.1988), the defendant pled guilty pursuant to a plea bargain agreement for shock probation pursuant to Tex.Code Crim.Proc.Ann. art. 42.12, § 3e. The agreement was approved by the Court. However, the defendant was ineligible to receive shock probation due to the affirmative finding of the use of a deadly weapon in the commission of the offense. We specifically noted that the trial court, the State, defense counsel and defendant were unaware that the plea bargain could not be carried out. *Austin*, 746 S.W.2d at 227. As the plea was based upon an inducement that could not be fulfilled, we ordered the guilty plea withdrawn and the defendant returned to the trial court to answer the indictment. *Austin*, 746 S.W.2d at 229. In plea bargain situations, withdrawal of the plea is appropriate where the State or trial court never had the authority to ensure compliance with the plea bargain. *Ex parte Austin*, 746 S.W.2d at 227. Accordingly, when the plea bargain agreement calls for a sentence not authorized by law, the defendant's plea will be withdrawn. *Austin*, 746 S.W.2d at 229.

■ Sentences not authorized by law are void. *Wilson v. State*, 677 S.W.2d 518 (Tex.Cr.App.1984). This has been the law in Texas for over a century. *Fowler v. State*, 9 Tex.App. 149 (1880), (punishment below the statutory minimum held to be incapable of supporting a conviction); *Brown v. State*, 99 S.W. 1001, 50 Tex.Cr.R. 626 (Tex.Cr.App.1907); *Dillard v. State*, 177 S.W. 99, 107, 77 Tex.Cr.R. 1 (Tex.Cr.App.1915) ("The Courts have no right to assess a punishment not provided by the laws of this State for the commission of any offense" where the punishment was below the minimum.); *Rutherford v. State*, 187 S.W. 481, 79 Tex.Cr.R. 605 (Tex.Cr.App.1916) ("The punishment assessed must be always within the minimum and maximum fixed by law" where trial to the jury and jury assessed punishment below the minimum.); *Simmons v. State*, 156 Tex.Crim. 601, 245 S.W.2d 254 (1952); *Henderson v. State*, 167 Tex.Crim. 112, 318 S.W.2d 898 (1958); *Bradshaw v. State*, 331 S.W.2d 52 (Tex.Cr.App.1960); *Ex parte McIver*, 586 S.W.2d 851 (Tex.Cr.App.1979); *State ex rel. Curry v. Gray*, 599 S.W.2d 630 (Tex.Cr.App.1980) (order granting probation unauthorized by law is void); *State ex rel. Vance v. Hatton*, 600 S.W.2d 828 (Tex.Cr.App.1980); *Bogany v. State*, 661 S.W.2d 957 (Tex.Cr.App.1983); *Ex parte Johnson*, 697 S.W.2d 605 (Tex.Cr.App. 1985); *Ex parte Williams*, 753 S.W.2d 695 (Tex.Cr.App.1988).

## III.

We realize there is conflicting authority represented by the trilogy of *Popham, Hartley* and *Tritt*. However, we find that to continue this line of cases, which were decided without the benefit of legal precedent, would only add confusion to an already muddled area of law. See, *Popham*, 228 S.W.2d at 858. Accordingly, *Popham*, 228 S.W.2d 857, and its progeny, are overruled. As previously stated, we believe *Branch* and *Coleman* are distinguishable; however, to the extent they conflict with our holding today, they are overruled.

## IV.

In *Shannon v. State*, 708 S.W.2d 850 (Tex.Cr.App.1986), the defendant, pursuant to a plea bargain agreement, was sentenced to two years confinement in the Texas Department of Corrections. On appeal the defendant attacked his conviction arguing the offense for which he was convicted was a Class A misdemeanor with a maximum punishment of one year. The Court of Appeals agreed and remanded the case to the trial court for resentencing.

*Shannon,* 708 S.W.2d at 851. The State argued before this Court, "since this was a negotiated plea, the proper remedy is to remand the case to the trial court, putting both parties back in their original positions before the negotiated plea." *Id.* at 851. We agreed with the State:

> The court of appeals, in holding that appellant was entitled to resentencing, relied upon a long line of precedent establishing that, when an error relates only to punishment and the punishment was assessed by the trial court, a defendant is entitled solely to resentencing and not to a new trial. [Citations omitted.] In applying this principle of law, this Court has never before distinguished the "negotiated guilty" plea from either "not guilty" pleas or "guilty" pleas without a recommendation. We take this opportunity to do so now.
>
> In this case the conviction is based upon a plea bargain and the punishment assessed is an intergral part of the agreement to plead guilty. The idea that error is "punishment error" only is incompatible with the negotiated plea and we therefore disavow such analysis in this specific area. When a defendant attacks the sentence he received *and for which he bargained,* he is attacking the entire judgment of conviction. [Emphasis in original.] To permit resentencing in this situation is to bind only one party to the agreement. This is neither logical nor fair.

708 S.W.2d at 851.

If we applied the doctrine of estoppel to errors where the parties (the trial court, the State, defense counsel and appellant) unknowingly enter into unauthorized plea bargain agreements, we would be treating those errors as punishment error only, which is incompatible with the concept of negotiated pleas and represents a theory that has been specifically disavowed by this Court. *Shannon,* 708 S.W.2d at 852.

Our reasoning in *Shannon* remains sound and its holding should be applied in this case, in plea bargain situations where specific performance is not an alternative, the only remedy is to order the plea withdrawn and to return the parties, including the State, to their original positions. *Shannon,* 708 S.W.2d at 852. Accordingly, the motions for rehearing are denied, the judgment of the Court of Appeals is reversed and the cause is remanded to the trial court with orders that the trial court withdraw appellant's plea and that appellant replead to the indictment in this cause.

WHITE and BENAVIDES, JJ., concur in the result.

McCORMICK, P.J., dissents.

MILLER, Judge, dissenting.

There are two issues involved in this problem of what to do when a defendant has received an unauthorized punishment: Voidness of the entire judgment; and the separate issue of voluntariness of the plea. I will deal with each separately in this dissent.

### VOIDNESS

The concept of void, as it pertains to a verdict or judgment, is truly a "muddled area of the law" (page 339). The rule from *Wilson v. State,* 677 S.W.2d 518 (Tex.Crim. App.1984), a case in which I dissented, that "a sentence not authorized by law is void" is today resanctioned by the majority. Since that decision however, this Court has had occasion to revisit this concept in *Ex Parte Johnson,* 697 S.W.2d 605 (Tex.Crim. App.1985). In *Johnson* we held that where a fine was assessed which was unauthorized by law, the newly enacted Art. 37.-10(b), V.A.C.C.P., saved the judgment from being void.[1] I believe the logic in *Johnson* should be controlling in this case.

---

1. Article 37.10(b), effective June 11, 1985, provides: If the jury assesses punishment in a case and in the verdict assesses both punishment that is authorized by law for the offense and punishment that is not authorized by law for the offense, the court shall reform the verdict to show the punishment authorized by law and to omit the punishment not authorized by law. If the trial court is required to reform a verdict under this subsection and fails to do so, the appellate court shall reform the verdict as provided by this subsection.

The *Johnson* rationale was succinctly stated, to-wit:

The preceding cases [*Bogany v. State*, 661 S.W.2d 957 (Tex.Crim.App.1983); *Ex parte McIver*, 586 S.W.2d 851 (Tex.Crim. App.1979); *Smith v. State*, 479 S.W.2d 680 (Tex.Crim.App.1972); and *Ex parte Spaulding*, 687 S.W.2d 741 (Tex.Crim. App.1985)] all share a common premise and conclusion. The premise in each case is that the jury rendered a verdict that was unauthorized by law, *viz:* the punishment assessed was not within the universe of punishments applicable to the offense. The common conclusion reached was that the judgment based upon such a verdict was void.

The logic connecting the premise and conclusion involves the lack of a specific vehicle by which the improper verdict could be reformed. A court was permitted only to reform the judgment in a given case so that it properly reflected the true verdict reached by the jury. Thus, when a jury rendered a verdict unauthorized by law, the only course of action available was to remand the case for a new trial. In this sense, a judgment and sentence were considered void since *there was no way to cure the infirmity.*

\*   \*   \*   \*   \*   \*

Thus, under the new law, a court is authorized to reform a verdict and judgment containing unauthorized punishment, an infirmity which would have previously rendered the verdict void.

*Johnson*, 697 S.W.2d at 607. (Emphasis in original). (Citations and footnote omitted).

Concurring in *Johnson*, Judge Campbell noted that only a part of the verdict, that being the fine, was void. *Id.* at 607–608. Calling this a partially void verdict he noted a difference in remedies available between a partially void and an entirely void verdict. Explaining his previous writing for the Court in *Ex Parte Spaulding*, 687 S.W.2d 741 (Tex.Crim.App.1985), he noted:

However, the only *portion* of the verdict and judgment that was truly void was that portion which included an unauthorized fine. The error in the verdict might have been more accurately designated as a *partially* void verdict from which this Court lacked any remedy other than reversal. Because this Court lacked any authority to separate the void portion of the verdict from the remaining valid portion of the verdict, we were forced to "void" the entire verdict and judgment by reversing the entire conviction.

In such context, the opinion in *Spaulding* was correct in noting that the verdict was "void at its inception," at least as to that portion of the verdict which contained an unauthorized fine. Because we did not yet have a remedy for *Bogany* error, we had no choice but to "void" the remainder of the verdict by reversing the conviction.

The remedies available to a court regarding a *partially* void verdict differ from the remedies available where an *entire* verdict is void. A verdict which is entirely void at its inception generally results from a defective condition, such as a lack of jurisdiction, permeating the entire verdict and creating a defect from which no remedy *ever could* be supplied by this Court other than reversal.

The legislature, by granting this Court the power to regulate the assessment of an unauthorized verdict, has not removed from the jury the power to set punishment. The authorized portion of the verdict is retained, and the defendant has been gratuitously benefitted by an arguably lesser sentence than might otherwise have been assessed.

In deliberating over the proper punishment to be assessed in this case, the jury effectively was given a greater range of punishment than legally should have been allowed. The jury had no authority to include a fine; therefore, our removal of the fine takes nothing away from the jury's function. By reducing the sentence, through elimination of the fine, this Court has only retained that portion of the verdict which was properly returned by the jury.

*Johnson*, 697 S.W.2d at 608–609. (Emphasis in original). (Citations omitted).

*Spaulding* and *Johnson* then can be read to say that only the portion of a verdict/judgment that is unauthorized by law AND that cannot be reformed is void. The "voidness" of the entire verdict, espoused in *Wilson* and *Bogany*, is now *limited only to that part of the verdict/judgment that is unauthorized* because the defective part can be separated from the valid part and separately cured of its defect.

One other important legislative event has transpired since the above 1985 legislative and judicial changes were made. In 1987 the legislature passed Art. 44.29(b), V.A.C.C.P., which mandated that if a new trial is awarded because of an error in the punishment phase of a trial, only the punishment phase of the trial will be repeated. Retroactive application of this law was recently sanctioned by this Court in *Grimes v. State*, 807 S.W.2d 582 (Tex.Crim.App. 1991). Thus, if a part of a verdict/judgment is unauthorized by law, but that part is merely "an error or errors made in the punishment stage of the trial" as Art. 44.-29(b) states, then the entire judgment is no longer reversed. Specifically, the finding of guilt stands though the finding on punishment does not.

Therefore we now have a remedy that accomplishes exactly the same thing as was accomplished by art. 37.10(b) as set out in the *Johnson* situation above. With the latter article (37.10(b)) the appellate court reforms the punishment part of the verdict/judgment while leaving the conviction part intact. With the former article (44.-29(b)), while we set aside the entire judgment of conviction, the trial court in effect "reforms the verdict/judgment" [see *Ex Parte Sewell*, 742 S.W.2d 393 (Tex.Crim. App.1987) (opinion on rehearing)][2] by redoing only the punishment part of the trial

and leaving the conviction part intact. True, the trial court does so by presumably entering an entirely new judgment. However the effect is the same. In both cases the "void" portion of the verdict/judgment is separated from the valid part and the "void" part is cured of its defect. Thus I see no practical difference between the effect of the two articles for purposes of this discussion.

In sum: The unauthorized grant of probation is an error that, under the clear mandate of Art. 44.29(b), does not per se vitiate the verdict/judgment of *guilt* and, assuming for the sake of argument that it was an error in the punishment stage, leaves it intact. Thus the entire verdict/judgment is no longer per se "void" under the reasoning of *Johnson* and also *Spaulding*, as explained by Judge Campbell in his concurring opinion in *Johnson*.

I would therefore hold that because of Art. 44.29(b), the unauthorized punishment assessed here does not void per se the entire judgment, and would remand the case to the trial court for further proceedings under the authority of *Sewell*. Once in the trial court, the determination of whether this error fits art. 44.29(b) or not can be made, and the decision of whether to leave the guilty verdict/judgment intact or retry the issue of guilt will necessarily follow.

## VOLUNTARINESS

There remains however the question of voluntariness of a plea to a plea bargain that cannot be carried out. This is separate and apart from any question of validity of the verdict/judgment discussed above. There are two facets to involuntariness that logically could arise. Involuntariness "per se" because the sentence re-

2. As stated in *Sewell*:
   In urging their motion, the State makes two assumptions that are, in our view, erroneous.
   First, the State assumes that by the words "to answer the indictment" at the end of the Court's opinion, we ordered that the applicant be retried as to guilt. We did not. Neither did we order that he be retried only as to punishment. We simply granted him relief and set aside the previous judgment of convic-

tion, then, just as the opinion says, remanded him to the sheriff to answer the indictment.
   Second, the State interprets Art. 44.29(b), supra, to be directed to this Court. It is not. The article plainly is directed at the trial court to take appropriate action in appropriate circumstances. The proper forum to urge the application of the article is the *trial* court. *Sewell*, supra at 397. [Emphasis in original].

ceived was unauthorized, and involuntariness because a defendant was misled as to a material fact that entered into his decision making process to plead guilty.

As to the first facet, involuntariness "per se" because the sentence received was unauthorized: In this case, since the appellant already enjoyed the entire benefits of the plea bargain, and since his probation was revoked for reasons other than that it was discovered to have been granted without authority, it would be tempting to adhere to the cases[3] relying on an estoppel type theory that are cited, and overruled, by the majority. Under the facts of this case, the appellant voluntarily entered into a guilty plea for a benefit, and he fully received that benefit; thus, he cannot now complain that his GUILTY plea was somehow involuntary because the benefit was much later determined to have been unauthorized by law. Tempting as this would be however, I note that the appellant did not raise this issue in the court of appeals, so that is the end of the matter for me.

As to the second facet, involuntariness because the appellant was misled as to a material fact that entered into his decision making process to plead guilty[4]: While this argument (that applicant would not have plead guilty in return for a probated sentence had he known that probation was not authorized) is one line of attack made before us on the court of appeal's analysis, this issue was not raised in the court of appeals.[5] Thus I would not entertain a claim of involuntariness under either theory.

For the above reasons, I would deny relief based upon any theory that the plea was involuntary, grant relief on his claim that the punishment was unauthorized by law, and remand the case for further proceedings under the authority of *Sewell*. This would have the effect of allowing the trial judge to determine whether the verdict/judgment of guilt would stand. Because the majority does not, I dissent.

OVERSTREET, J., joins this dissent.

---

3. *Popham v. State,* 154 Tex.Crim. 529, 228 S.W.2d 857 (1950), *Hartley v. State,* 169 Tex. Crim. 341, 334 S.W.2d 287 (1960), and *Tritt v. State,* 379 S.W.2d 919 (Tex.Crim.App.1964).

4. In *Ex parte Pool,* 738 S.W.2d 285 (Tex.Crim. App.1987), this Court found the applicant's guilty plea was not knowingly and voluntarily entered because of his reliance upon the erroneous advice of his counsel as to the minimum punishment he could receive. See also *Ex parte Smith,* 678 S.W.2d 78 (Tex.Crim.App.1984) (Court holds guilty plea not knowingly and voluntarily entered where applicant would not have pled guilty had he known maximum penalty for offense was one-half of what he was told); *Ex parte Hairston,* 766 S.W.2d 790 (Tex.Crim. App.1989) (erroneous advice of counsel on parole eligibility renders guilty plea involuntary when parole eligibility is affirmative part or element of plea bargain); and *Ex parte Stephenson,* 722 S.W.2d 426 (Tex.Crim.App.1987) (guilty plea not knowingly and intentionally made where applicant induced by plea bargain to plead guilty).

5. Appellant presented the following argument in the court of appeals:

Thus, pursuant to Article 42.12, Sec. 3g(a)(1)(D), the Appellant was not eligible for regular probation for the offense of Aggravated Robbery as he was "adjudged guilty". The Court could have granted deferred adjudication type probation under Article 42.12, Sec. 3d(a). Likewise, a jury is not prohibited from granting probation. *Snow v. State,* 697 S.W.2d 663 (Tex.App.—Houston [1st District] 1985, no pet.). In Cause No. 0328707D, the Court erred in suspending the imposition of the Appellant's sentence and placing him on ten (10) years probation. Therefore, the Court abused its discretion in revoking a probation which was void as a matter of law since the Appellant was not legitimately on probation.