TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-96-00455-CR

Mike Tobias, Appellant

v.

The State of Texas, Appellee

FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY

NO. 455,272, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING

PER CURIAM

 Appellant pleaded no contest to an information accusing him of telephone harassment. Act
of May 26, 1983, 68th Leg., R.S., ch. 411, § 1, 1983 Tex. Gen. Laws 2204 (Tex. Penal Code Ann. §
42.07(a)(4), since amended). The county court at law adjudged appellant guilty and, pursuant to a plea
bargain, assessed punishment at incarceration for one year and a $1500 fine, suspended imposition of
sentence, and placed appellant on community supervision.

 Appellant is represented by retained counsel, as he was at trial. At a hearing ordered by
this Court, it was shown that no reporter was present at appellant's trial, that notice of appeal was filed
primarily for the purpose of delaying the start of community supervision, and that appellant failed to arrange
for the filing of a brief. See Tex. R. App. P. 53(m), 74(l).

 Telephone harassment was a class B misdemeanor. Act of March 10, 1993, 73d Leg.,
R.S., ch. 10, § 1, 1993 Tex. Gen. Laws 46 (Tex. Penal Code Ann. § 42.07(c), since amended). The
punishment assessed exceeds that authorized by law for such offenses. Act of May 2, 1991, 72d Leg.,
R.S., ch. 108, § 1, 1991 Tex. Gen. Laws 681 (Tex. Penal Code Ann. § 12.22, since amended). If a
punishment is not authorized by law, that portion of the judgment imposing the punishment is void. Heath
v. State, 817 S.W.2d 335, 336 (Tex. Crim. App. 1991). Accordingly, the judgment of conviction is
reversed as to punishment and the cause is remanded to the county court at law for reassessment of
punishment. Tex. Code Crim. Proc. Ann. art. 44.29(b) (West Supp. 1997). The judgment is affirmed with
respect to the finding of guilt.

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed in Part; Reversed and Remanded in Part

Filed: April 3, 1997

Do Not Publish