NO. 07-00-0482-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 19, 2000

______________________________

IN RE: RICARDO GUTIERREZ

_________________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Relator Ricardo Gutierrez applies for a writ of mandamus directing the judge of the 242nd
 District Court of Swisher County to set aside his judgment of conviction and sentence.  He asserts that his sentence is not authorized by law, and the judgment is therefore void.  We conditionally grant the writ.  

BACKGROUND

Relator was indicted in cause number B2720-9209 in the 242nd
 District Court of Swisher County for aggravated sexual assault of a child.  The offense allegedly occurred on or about June 20, 1992.  Pursuant to a plea bargain, relator entered a guilty plea on December 16, 1992.  The trial court honored the plea bargain and sentenced relator to ten years incarceration and a $1,000 fine.  The incarceration portion of the sentence was probated for five years.  On November 7, 1996, following hearing of a motion to revoke, relator’s probation was revoked and he was sentenced to confinement for ten years in the Texas Department of Criminal Justice.  

Relator pursued a direct appeal from the revocation of his probation.  The revocation was affirmed by this court on October 15, 1997, in an unpublished opinion.  Relator did not assert on appeal that the original judgment of conviction was void.  

On July 30, 1998, relator filed a 
pro se
 application for writ of habeas corpus with the Court of Criminal Appeals, pursuant to Article 11.07 of the Code of Criminal Procedure.
(footnote: 1) On October 30, 1998, the Court of Criminal Appeals denied relator’s application without written order.  Relator did not assert in his application that the original judgment of conviction was void.

On May 25, 2000, June 23, 2000, and June 27, 2000, relator filed motions with the district clerk of Swisher County seeking to have respondent, the Honorable Ed Self, Judge of the 242nd
 District Court of Swisher County, set aside the original judgment of conviction.  On October 17, 2000, relator filed a Petition for Writ of Mandamus with the clerk of this court.  He seeks a writ of mandamus directing respondent to set aside the original judgment of conviction dated December 16, 1992, and signed by the Honorable Marvin Marshall, on December 21, 1992.  The basis for his petition is that at the time he was originally sentenced in 1992, he was not eligible for probation.  He references Article 42.12 § 3g.(a)(1)(E) which provides that probation is not available for a defendant found guilty of an offense under Section 22.021 of the Penal Code (aggravated sexual assault), which he was.  He cites 
Heath v. State
, 817 S.W.2d 335 (Tex.Crim.App. 1991) as authority for the proposition that because the probation of his sentence was not allowed by statute, the original judgment of conviction is void and the trial court now has a ministerial duty to set the judgment aside.  

Respondent, by his response, does not dispute the authority cited by relator.  Respondent acknowledges, and cites in his brief, authorities to the effect that (1) relator seemingly has no adequate remedy at law; (2) the act relator is seeking to compel is ministerial in nature; (3) void judgments may be challenged at any time; and (4) relator’s original judgment is void because he was not eligible for probation at the time his sentence was probated.  Respondent further asserts that he is without authority to grant relief to relator pursuant to relator’s motions seeking judgment nunc pro tunc, and that a writ of mandamus is the appropriate vehicle by which relator should be granted relief.  

We agree with relator and respondent that relator is entitled to relief.  Even though relator pled guilty and was sentenced pursuant to a plea bargain, his conviction and sentence are void, as is the order revoking his probation and sentencing him to confinement.  
See
 
Heath
, 817 S.W.2d at 336-37.  Before we may take action, however, we must determine whether we have jurisdiction to grant the relief relator seeks.  

LAW

Courts of appeals have appellate jurisdiction as specified in section 6 of the Texas Constitution, together with such other original and appellate jurisdiction as may be prescribed by law. 
Tex. Const
. art. V, § 6.  
The Legislature has prescribed jurisdiction of courts of appeals to issue writs of mandamus (1) to enforce their jurisdiction, and (2) against judges of district and county courts in the district of the particular court of appeals.  
Tex. Gov’t Code Ann
.  § 22.221 (Vernon 1988 & Supp. 2000).
 
 For the court of appeals to have authority to enter a mandamus order in regard to setting aside a prior judgment of conviction, a two part standard is used.  First, the relator must have no adequate remedy at law; and second, the act which is sought to be compelled must be ministerial, rather than discretionary in nature.  
Ater v. Eighth Court of Appeals
, 802 S.W.2d 241, 243 (Tex.Crim.App. 1991); 
State ex rel. Vance v. Routt
, 571 S.W.2d 903, 907-08 (Tex.Crim.App. 1978).  

ANALYSIS

We first address whether relator has an adequate remedy at law.  Post conviction writs of habeas corpus in felony proceedings are returnable to the Court of Criminal Appeals.  Article 11.07 § 3(a); 
Ater
, 802 S.W.2d at 243.  The right to a writ of habeas corpus under Article 11.07 of the Code of Criminal Procedure is a legal remedy.  
Id
.  If a defendant is entitled to a writ of habeas corpus pursuant to Article 11.07, then a court of appeals abuses its discretion if it rules favorably on a petition for mandamus to correct a void conviction, because of the existence of an adequate legal remedy.  
Id
.  Section 4 of Article 11.07, however, precludes relator from seeking relief by writ of habeas corpus under that article.  Section 4 provides that a court is precluded from considering or granting relief on a subsequent  application for writ of habeas corpus unless the factual or legal basis for the claim was unavailable on the date the previous application was filed.  When relator filed his application for writ of habeas corpus on July 30, 1998, both the factual and legal bases for the claim now before us were available.  The claim was simply not asserted.  We conclude, therefore, that relator has no adequate legal remedy.  

Next, we consider whether the action relator seeks us to direct respondent to take is ministerial.  If relator has a clear right to the relief sought, then the act he seeks to compel is ministerial.  
State ex. rel. Sutton v. Bage
, 822 S.W.2d 55, 57 (Tex.Crim.App. 1992).  It has been the law in Texas for over a century that sentences not authorized by law are void.  
Heath
, 817 S.W.2d at 339 (op. on motion for rehrg).  It follows that because relator’s sentence is void, he has a clear right to have the judgment set aside, and the action he is seeking from respondent is ministerial.  
Bage
, 822 S.W.2d at 57.  

CONCLUSION

Having satisfied both prerequisites for issuance of a writ of mandamus, relator is entitled to issuance of a writ as he requests.  He is entitled to have his sentence and his conviction, both of which were products of the plea bargain which the State could not legally fulfill, set aside.  
Heath
, 817 S.W.2d at 336-37.  Relator and the State will thereby be returned to the positions they occupied before the plea bargain was entered into.  
Id
. 

Relator’s petition for writ of mandamus is conditionally granted. Respondent is directed to set aside the Judgment of Plea of Guilty dated December 16, 1992, and the Judgment Revoking Probation dated November 7, 1996.  We anticipate that respondent will comply with our directive.  A writ of mandamus will issue only if he fails to do so. 

Per Curiam

Do not publish.

FOOTNOTES
1:
Further references to the Code of Criminal Procedure will be by reference to “Article_.”