In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00174-CR


______________________________




MARK FALCON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the County Court at Law


Hopkins County, Texas


Trial Court No. CR0422470




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 Mark Falcon attempts to appeal his conviction by the trial court for driving while intoxicated. 
Falcon was sentenced to a fine of $500.00. His sentence was imposed April 11, 2006. Falcon's
motion for new trial was filed May 4, 2006, and his notice of appeal was filed August 8, 2006. We
received the clerk's record September 22, 2006. The issue before us is whether Falcon timely filed
his notice of appeal. We conclude he did not and dismiss the attempted appeal for want of
jurisdiction.

 A timely notice of appeal is necessary to invoke this Court's jurisdiction. Olivo v. State, 918
S.W.2d 519, 522 (Tex. Crim. App. 1996). Rule 26.2(a) of the Texas Rules of Appellate Procedure
prescribes the time period in which a notice of appeal must be filed by a defendant in order to perfect
appeal in a criminal case. A defendant's notice of appeal is timely if filed within thirty days after the
day sentence is imposed or suspended in open court, or within ninety days after sentencing if the
defendant timely files a motion for new trial. Tex. R. App. P. 26.2(a); Olivo, 918 S.W.2d at 522. The
last date Falcon could timely file his notice of appeal was July 10, 2006, ninety days after the day
the sentence was imposed in open court. See Tex. R. App. P. 26.2(a)(1). Further, no motion for
extension of time was filed in this Court within fifteen days of the last day allowed for filing the
notice of appeal.



 Falcon has failed to perfect his appeal. Accordingly, we dismiss the appeal for want of
jurisdiction.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: September 26, 2006

Date Decided: September 27, 2006


Do Not Publish




nally discussed the record, described the issues reviewed, and concluded there were no
arguable grounds for appeal. Also as required by Anders, he filed a motion to withdraw. Counsel 
sent Royale a copy of the appellate brief and informed Royale of his right to file a pro se response. 

 On February 21, 2003, Royale filed with this Court a timely pro se response brief. Therein,
Royale contends (1) the original judgment granting deferred community supervision is void, (2) the
trial court failed to consider mitigating evidence, and (3) he received ineffective assistance of
counsel.

 Royale first claims the 1994 judgment is void for want of jurisdiction. His claim hinges on
his belief that a trial court may not grant community supervision for an aggravated felony offense. 
In  a  case  where  the  defendant  is  convicted  of  an  aggravated  felony  offense  as  defined  by
Article 42.12, Section 3g of the Texas Code of Criminal Procedure, the trial court may not grant
"regular or straight" (adjudicated) community supervision to that individual. Tex. Code Crim.
Proc. Ann. art. 42.12, § 3g (Vernon Supp. 2003). A trial court may, however, find the evidence
substantiates the defendant's guilt and defer a finding of guilt and place the defendant on community
supervision for a term of years. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5 (Vernon Supp.
2003).

 Royale cites Heath v. State, 817 S.W.2d 335 (Tex. Crim. App. 1991), for the proposition that
the original judgment was void. The trial court in Heath had granted the defendant community
supervision after entering a finding of guilt. Id. at 336. The Texas Court of Criminal Appeals held
the trial court was without jurisdiction to grant community supervision pursuant to a plea agreement
after it had entered a finding of guilt; accordingly, the underlying judgment was void. Id. As
explained above, however, the facts from Heath are not present in the case before us. The trial court
did not enter a formal finding of guilt before placing Royale on community supervision, but instead
deferred that finding conditioned and provided that Royale successfully complete the ten-year period
of community supervision. The Legislature has expressly provided for such a mechanism, and the
trial court was clearly authorized to place Royale on deferred community supervision under the facts
of this case. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5. The original judgment placing
Royale on community supervision is not void for want of jurisdiction.

 In his second point of error, Royale contends the trial court failed to consider evidence of his
bipolar diagnosis in sentencing him. Royale believes the trial court should have returned him to the
Substance Abuse Felony Program (3) rather than sending him to prison. From the record before us, we
find no evidence that shows the trial court failed to consider and give weight to the evidence offered
in mitigation of punishment. Nor has Royale cited any comparisons or authority for his second point
of error. Cf. Phillips v. State, 887 S.W.2d 267, 270-71 (Tex. App.-Beaumont 1994, pet. ref'd)
(record does not show trial court failed to consider mitigation evidence and contains no evidence of
arbitrary sentencing by trial court based on comparative sentences in other courts for similar
offense). Additionally, Royale's community supervision officer testified that Royale showed little
promise of successfully being rehabilitated from his chemical dependency in the remaining two years
of his community supervision. Based on the record before us, we overrule Royale's second point of
error.

 In his third point of error, Royale contends he received ineffective assistance of counsel at
trial because his trial counsel failed to realize the underlying judgment granting community
supervision was void for want of jurisdiction. The standard for testing claims of ineffective
assistance of counsel is set out in Strickland v. Washington, 466 U.S. 668 (1984). To prevail, an
appellant must prove by a preponderance of the evidence (1) that his or her counsel's representation
fell below an objective standard of reasonableness and (2) that the deficient performance prejudiced
his or her defense. Id.; Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000); Rosales v. State,
4 S.W.3d 228, 231 (Tex. Crim. App. 1999). Under this standard, a claimant must prove that
counsel's representation so undermined the proper functioning of the adversarial process that the trial
cannot be relied on as having produced a just result. Strickland, 466 U.S. at 686.

 As explained above, Royale's underlying premise-that the original judgment granting
deferred community supervision or want of jurisdiction-is without merit. The Legislature has
expressly authorized trial courts to grant deferred community supervision to defendants charged with
an Article 42.12, Section 3g offense. Tex. Code Crim. Proc. Ann. art. 42.12, § 5. It is only once
those defendants are formally found guilty of committing such an offense that they  become
 ineligible  for  judge-granted  community  supervision.  Tex.  Code  Crim.  Proc. Ann. art. 42.12,
§ 3g. Because no formal finding of guilt had been entered on the underlying charge at the time the
trial court placed Royale on community supervision, the trial court acted within its authority and
jurisdiction. It therefore cannot be said Royale received ineffective assistance of counsel because
his trial counsel did not object to the valid original grant of (deferred) community supervision. We
overrule Royale's final point of error.

 We affirm the trial court's judgment.

 


 Josh R. Morriss, III

 Chief Justice


Date Submitted: May 20, 2003

Date Decided: June 6, 2003

Do Not Publish
1. Tex. Pen. Code Ann. § 29.03(b) (Vernon 2003); and Act of May 24, 1973, 63rd Leg., R.S.,
ch. 399, § 29.03, 1973 Tex. Gen. Laws 883, 926, amended by Act of May 29, 1989, 71st Leg., R.S.,
ch. 357, § 2, 1989 Tex. Gen. Laws 1441, 1442.
2. Anders v. California, 386 U.S. 738 (1967)
3. See Tex. Code Crim. Proc. Ann. art. 42.12, § 14 (Vernon Supp. 2003).