Cover Clerk
Abel Acosta
Supreme Crt. Bldg.
201 W. 14th St. Rm 106
Austin TX. 78701-1444

11/24/15

RE:

RESPONSE TO STATE'S Reply Regarding Cause # W12-71997-R(A) Application for writ of Habeas Corpus (WR-84,205-01)

Dear Sir,

The above cause has now been filed with the court. Please file this response in regard to this case Thank you.

Tray Hopper

11/24/15

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 30 2015

Abel Acosta, Clerk

84 205-01

Court Clerk
Abel Acosta
Supreme Court Bldg.
201 W. 14th St. Rm 106
Austin Tx. 78701-1444

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 10 2015

10/31/2015
Abel Acosta, Clerk

Re !
Response to State's Reply Regarding cause # W12-
71997-R(A) Application for Writ of Habeas Corpus

Dear Sir : Enclosed is a copy version of my
response to State in the above and titled cause
and matter to be filed with the 265th
Judicial District Court of Dallas Co. Texas
Please file this with the Court of Criminal
Appeals' record Regarding cause # W12-71-
997-R(A)

Thank you,

Trey W. Hooper
#1897543
Michael Unit
2664 FM 2054
Ten. Col. Tex. 75886
10/31/2015

Writ No. WI2-71997-R(4)

Ex Parte:                              §        In The 265th

Troy Neal Hooper                       §           Judicial Court

                                       §           Dallas Co. Texas.......

                                       §


APPLICANTS RESPONSE

TO STATE

ON WRIT OF HABEAS CORPUS.....

I

History of Case.....

A jury found applicant(myself), guilty of the offemse of Delivery of a Controled

Substance in aggregate amount of one(1)gram or more, including adulterants and

dilutants.....State used a previous conviction for the offence of Theft from

person to enhance range of punishment, from which jury sentenced me to 15yrs.

confinement in T.D.C.J. and $2,500.00 fine.....Motion for new trial was made

citing verdict being contrary to law and evidence(CR#106-107)and was not responded

to.....Fifth Court of Appeals affirmed conviction and sentence.....I filed writ

of Habeas Corpus and recieved States response on October 27th, 2015.....


II


STATES RESPONSE

State attempts to make relevant, rulings regarding sufficiency of evidence,

entrapment,issues reserved for direct appeal,and non-designated time requirements

regarding enhancements....


(1)

APPLICANT"S RESPONSE.....

Conviction contrary to law and evidence

State's response to grounds raised in this application, deliberatly sidesteps the evidence and relevant issues and argues points that are not related...... State's response to grounds #1&2 ignores facts that convictions based on evidence which is contrary to law and evidence are unconstitutional, and are not autorized (App.PR.art.21.3(h))and are required to be reversed(Tx.R.App.Pr.art.44.2)..... State argues that challenges to the sufficiency of evidence are not cognizable in post conviction Hebeas proceedings and cites: Ex Parte Grisby 137sw3d 673,674... My first response to this rest in fact that:(1)Motion for New Trial was duly filed in this case pursuant to Tx.R.App.Pr.art.21.3 citing verdict being contrary to law and evidence(CR#106-107).....This was denied by non-response(Tx.R.App.Pr.-art.21.8(c))and was brought to the attention of the court in appellate brief(pg. 1&2)prepared by appointed counsel Julie Woods......Though no issue was argued by counsel regarding this matter, this matter involves plain error appearant from the appellate record.....The Rules of Appellate Procedure makes appearant the Court of Appeals obligation to review the record on appeal for defects or errors which would render conviction or sentence unconstitutional, and expressly holds that:".....if the appellate record in a criminal case reveals constitutional error, which is subject to harmless error review, The Court of Appeals must reverse judgement of conviction(Tx.R.App.Pr.art.44.2(a)).....(2)Grisby is not applicable in matters where findings of guilt are contrary to law and evidence..... Ajudge ment or conviction which contrary to law and evidence cannot be supported by any legal basis or lawfully enforced to any degree..... Discharge from such unlawful confinement can be sought at anytime by Hebeas relief.....(Preiser V. Rodriguez,-411U.S.475,485)

Ex Parte Beck,922Sw2d 181,182(quoting Heath V. St.817 Sw2d 335,336)Ex Parte McIver,-586Sw2d 851,854)Tx.C.Cr.Pr.art.44.25)......Grounds #1&2, should not be denied based on evidence or State response......

## Evidence Illegaly Obtained

State's response to ground #3 misrepresents issues raised and attempts to make it appear as if I have claimed evidence at issue was obtained by means of entrapment.. I have not at anytime made claims that evidence was obtained by means of entrapment, or that I was ever in contact with officers in this case..... Ground #3 argues clearly that based on the testimony of both officers, the methods by which they claim to have obtained evidence at issues was in violation of law.. As it was evidenced in the trial record police admitted that they induced a person not engaged in crime to commit a criminal action in order to obtain the evidence at issue(RRV4p93,94,64).....My argument in ground #3 addresses fact that ,(1)- police are prohibitted from inducing those not engaged in crime to commit crimminal acts to obtain evidence(Tx.P.C.art7.02(a) Tate V. St.393 Sw2d 760,765).....(2) law prohibits evidence which has been obtained in violation of law to be presented against the accused at trial(Tx.C.Cr.Pr.art.38.23).....Where conviction is based on evidence which was unlawfully presented, that conviction is contrary to law... Ground #3 should not be denied based on evidence or States response....

## Incomplete Reporters Record.....

States response to ground #4 ignores the fact that State law  requires  New-trial where any part of Reporters record which is significant to appeal reslution is lost from record(Tx.R.App.art.34.6(f)).....Since there was objection regarding the chain of custody of the evidence at issue, which was over ruled in trial and was filed with the Court of Appeals in trial record(RRV4p9.10,11,)and there was motion for new trial citing verdict being contrary to law and evidence, Court of Appeals had obligation to review that matter so to determine if that part of trial was carried out in accord with law(Tx.R.App.Pr.art.44.2(a)).....
Illustated record of the chain of custody was therefore significant to appeal resolution, and the Court of Appeals erred in not ordering new trial seeing that

record was without it.....In light of these circumstances, and in accord with Tx.R.App.Pr.,at minium I am entitled to New Trial in the matter of ground #4.. Ground #4 should not be deined based on evidence or State's response......

## ENHANCEMENT

State's response to ground #5 also misrepresents issue raised......State makes it appear as if I am claiming Theft from Person is not currently recognized as an offense..... However ground #5 clearly raises the issues that Theft from Person is not currently recognized as a third degree felony under current Penal code, and that current en hancement code only affects penal laws in effect after its effective date (Tx.P.C.art.12.01(b)).....Penal laws active after this effective date(September 1st,1994) classify Theft from Person as a State jail felony for enhancement purposes(Tx.P.C.art.31.02,31.03sect.4(b)).....There is no enhancement provision under current code which provides for theft from Person as a third degree felony.....

Ground # 5 should not be deined based on evidence or States response.........

## Conclusion

In accord with law I am within my right to seek relief in this application for writ of Habeas Corpus..... I respectfully request that this court consider this application based on the actual issues evidence and facts, rathe than merely on States response.....

Respectfully

Troy N. Hooper

#1897543

Michael Unit
2664FM2054
Tennessee Colony,Texas,75886

10/31/2015                    (4)

## CERTIFICATE OF COMPLIANCE

I certify that this response is in accord with the Tx.R.App.Pr.art.9.4(i)(1)(2)......

TROY N. HOOPER

Oct. 31. 2015

(5)

Writ No. W12-71997-R(A)

Ex Parte

Troy W. Hooper

In 265th
Judicial Dist. Court
Dallas County Texas

RE: Writ of Habeas Corpus - Response to State
Unsworn Declaration

I, Troy W. Hooper, being the applicant and the
Respondent in the above and styled cause, do
certify that the matters set forth in this
response are true and correct to the best of
my knowledge ___,

Troy W. Hooper

October 31, 2015